## WILLIAM SPRAGUE AND OTHERS *vs.* THE TOWN OF LISBON.

Under the statute which provides that "mills" shall be taxable, the machinery contained in a mill is taxable as a part of the mill.
And it is equally taxable here although the owners reside out of the state.
And it makes no difference that the machinery is personal property.

ASSUMPSIT, to recover the amount of a tax paid by the plaintiffs to the defendants, submitted to the superior court upon an agreed statement of facts, and reserved for the advice of this court. The case will be sufficiently understood from the opinion.

*Wait* and *Chadwick*, with whom was *Starkweather*, for the plaintiffs.

*Hovey* and *Halsey*, for the defendants.

HINMAN, J. This is an amicable suit, the object of which is to determine the question whether certain machinery belonging to the plaintiffs and used by them in their manufacturing establishment, situated in Lisbon, for the purpose of operating the same, is liable to be taxed by the authorities of that town, the plaintiffs being inhabitants of Rhode Island.

We do not lay much stress upon the circumstance that much of this machinery is personal property, which generally has no locality or *situs*, because, being used in this state for the purpose of carrying on the plaintiffs' business here, the state may undoubtedly, by positive law, render it liable to contribute to the expenses which are incident to its protection, in common with all the other property within its jurisdiction.

The question therefore turns upon the true intent and meaning of our laws in respect to taxation, rather than upon any question in regard to the power of the state to tax it; and as such it has properly been presented to us. It is claimed however that we have no law taxing any of the personal property of non-residents of the state, though located within the state, but that on the contrary it was the intention of our statutes to exempt it from taxation. That this is so in respect to most of the personal property of non-residents, is undoubtedly true, but we think it is not true in respect to property of the description which was taxed in this instance ; and whether it is true or not in respect to all other personal property is not now a matter of inquiry. It is obvious that the same reason exists for taxing this machinery as there is for taxing the mill in which it is used, or the business which is there carried on. The mill is of course useless without the machinery, and to tax it therefore may be considered as but one mode of taxing the business carried on by means of it. We recur then to the question whether the legislature intended to tax machinery thus situated. An examination of the statute shows that it has not been expressly done, under that section of the statute which provides for the taxation of most kinds of personal property, because it is not specified in the list of the different descriptions of personal property that is to be set in the list as taxable ; nor is it to be found in the list of articles which are exempt from taxation. While therefore the fact that it is not specifically mentioned as liable to be taxed, might be some evidence of an intention not to tax it, a contrary inference equally strong may be drawn from the circumstance that it is not specified as exempt from taxation. But the legislature intended to tax all the property of our own citizens, certainly, and if ma-

Sprague *v.* Town of Lisbon.

chinery in factories is taxable at all, it must be because it is included in, or comes under the description of, other property with which it is connected.   Now the seventh section of the act for the assessment and collection of taxes, (Rev. Stat., Comp. 1854, p. 839,) provides that " all real and personal property, not herein exempt from taxation, shall be liable to taxation as follows ; " and then follows a list of the different descriptions of property so liable to be taxed, among which are to be found " mills, stores and distilleries, and buildings used for manufacturing purposes."   Here the word " mills," with " stores and distilleries," seems to be used as meaning something different from " buildings used for manufacturing purposes," which obviously it would not do if it did not include the machinery used in the mills as well as the buildings which contained it ; or perhaps the term was intended to apply to the machinery alone as distinguished from the building.   This latter intention is the more probable as we find the word " mill " defined by Webster as " a complicated engine or machine for grinding or for performing other operations by means of wheels and a circular motion ; " and, in a popular sense, we all speak of cotton, woolen or other manufactories, as mills, undoubtedly meaning to include all the machinery ordinarily used in constructing the fabric made in the mills.   That the legislature intended in this statute to use the word in such a sense as to embrace the machinery, is quite obvious from the eleventh section of the same act, (Comp. 1854, p. 840,) which provides that " no manufacturer, manufacturing company or corporation shall be assessed at a less sum than the present true and just value of the real estate and machinery attached or belonging thereto, unless reduced by indebtedness &c. ; " and from the provision of the next section, that " the interest of any trading or mercantile business shall be valued and assessed in the town, city or borough where the business is carried on, whether the owner or owners reside therein or not."

Considering then the policy of our law to make all property with few exceptions liable to taxation, that this machinery is not expressly named among the exceptions, and that it fairly comes within the popular understanding as well as one of the

acknowledged definitions of the term " mill," we are satisfied that it was the intention of the legislature that it should be assessed and taxed as a part or portion of the mill, and under that general term. It would perhaps have been more strictly proper had the assessors treated it as a mere appendage or appurtenance of the building, and thus assessed the whole establishment under the general designation of " mill " or " manufacturing establishment ; " but no exception is taken on this ground, the object of the plaintiffs being to test the legality of the assessment rather than to question the form in which it was done.

In what we have said we make no distinction, and are clear that none was intended to be made, between property of this description owned by a citizen of this state and such property owned by a non-resident. In either case it is to be taxed where the business is carried on, as a part of the establishment.

Our decision renders unnecessary the consideration of the other question made, whether this action could be maintained even if the machinery was not taxable. We therefore advise the superior court to render judgment for the defendants.

In this opinion the other judges concurred.