THOMAS A. SHAW *vs.* THE CITY OF HARTFORD.

Hartford Dist., Oct. T., 1887.  PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

Section 3847 of Gen. Statutes provides for the taxation of mercantile busi-
ness carried on in this state, and makes the average amount of goods
kept on hand for sale during the year the rule of assessment. Held
that mercantile business carried on in this state by a resident of an-
other state, is taxable under this statute, although the goods are liable
to taxation as his property in such other state.

But that a horse and wagon used by him in his business here, would not be
taxable here.

Held also that as a non-resident he could not be liable to an addition of ten
per cent. to his assessment list, under Gen. Statutes of 1875, p. 153,
sec. 4, for neglecting to give in a sworn list of his taxable property.

[Argued October 6th—decided December 5th, 1887.]

ACTION to recover a tax claimed to have been illegally
collected from the plaintiff by the defendant city ; brought,
by appeal from a justice of the peace, to the Court of Com-
mon Pleas of Hartford County. The following facts were
found by the court.

On October 1st, 1885, the plaintiff was, and for more than
a year had been, a resident and tax-payer of the city of
Worcester, in the state of Massachusetts.

On that day, and for many years prior thereto, he was and
had been a merchant carrying on business, dealing in hay,
grain and feed, at his store No. 542 Main street, in the city
of Hartford. For the purposes of the business he kept on
hand for sale during the year ending October 1st, 1885, a
stock of goods of the average value of $6,000. He also
during the whole of that time owned a horse of the value
of $150, and a wagon of the value of $75, which horse and
wagon were used in his business. They were also used by
him for his private convenience as occasion demanded.

The plaintiff neglected to make out and file with the as-
sessors of the town of Hartford, who are *ex officio* assessors
of the city, a list of property owned by him and liable to

taxation in the city. The assessors thereupon, in the manner prescribed by law, made out a list for him, putting therein the average amount of his stock of goods at $6,000, the horse at $150, and the wagon at $75, and added thereto ten per cent. for failure to file a list, the same being $622, making the total amount of the list $6,847. For this amount the plaintiff was entered in the grand list of the city, and upon it a tax amounting to $65.04, and due and payable July 15th, 1886, was levied by the city, and with additions for non-payment, amounting in the whole to $70.24, was paid by the plaintiff.

The payment was made under protest, and upon a threat of the collector of the city that unless it was made he would levy upon the plaintiff's property to satisfy the tax and expenses.

All the proceedings relating to the assessment and levy of the tax were in due form of law.

On May 1st, 1885, the plaintiff had paid taxes in Worcester upon a list filed by him, upon property to the value of $6,000, invested in the above business.

Upon these facts the plaintiff claimed that he was entitled to recover back the whole amount of $70.24, for the reason that, being a non-resident of the state, he was not taxable by the city upon any of the property in question.

The plaintiff further claimed that he was not liable to taxation upon the horse and wagon, because it was personal property of a non-resident, and further for the reason that, in the event that he was taxable as a non-resident trader, the average value of his stock of goods on hand for sale during the year was the extent of his liability to taxation.

The plaintiff claimed that he was not in any event subject to the addition of ten per cent. for failure to file a list.

The defendant denied all of these claims.

It was agreed between the parties: (1) That if all the plaintiff's claims were well founded and the assessment was wholly unlawful, he was entitled to the return of $70.24. (2) That if the court found that the assessment of the horse and wagon alone was unlawful, the plaintiff was en-

titled to the return of $2.53.   (3) That if the addition of
the ten per cent. was alone unlawful, the plaintiff was entitled
to the return of $6.37.   (4) That if both the assessments
for horse and wagon and the addition of ten per cent. were
unlawful, the plaintiff was entitled to the return of $8.68.

Upon these facts the case was reserved for the advice of
this court.

*J. L. Barbour*, for the plaintiff.

*S. O. Prentice*, for the defendant.

BEARDSLEY, J.   The plaintiff, a resident of Massachu-
setts, if liable to taxation in this state, is so by virtue of
the following statute :—" The interest of any trading, mer-
cantile or manufacturing business shall be assessed in the
company or corporate name, in the town, city or borough
where the business is carried on. * * * The average amount
of goods kept on hand for sale during the year, or any por-
tion of it where the business has not been carried on for a
year previous to the first day of October, shall be the rule
of assessment and taxation."   Rev. Statutes of 1875, p. 158,
sec. 29 ; Gen. Statutes of 1888, sec. 3847.

The plaintiff claims that this statute is not applicable to
residents of other states doing business in this state, but
only to residents of this state.   There is nothing in the lan-
guage of the act, or the subject to which it relates, to sug-
gest such a limitation of its meaning.   On the contrary we
may well presume that the legislature deemed it reasonable
that a citizen of another state permanently locating his busi-
ness here, and sharing with our own citizens the advantages
of such location, should contribute to the expenses of the
local government upon which he relies for his welfare and
protection.   In the same line of legislation with the statute
referred to, the legislature has exempted from taxation the
money or property of our citizens actually invested in mer-
chandising or manufacturing carried on out of this state,
(Rev. Statutes of 1875, p. 156, sec. 15), manifestly upon

Shaw *v.* City of Hartford.

the idea that such property would be taxed in the jurisdiction where it was invested.  It seems there is not a similar provision in Massachusetts, and hence the plaintiff, being a resident of that state, was required to pay taxes upon the property in question there ; but that does not affect the question of his legal liability to taxation in this state.

The plaintiff being a non-resident of this state, was not subject to taxation upon his horse and wagon, unless by force of the statute first referred to.  But that statute makes the average amount of goods kept on hand for sale the " rule of assessment and taxation."  The horse and wagon, not being goods kept on hand for sale, were improperly included in the assessment and the plaintiff is entitled to the return of $2.53, the part of the tax imposed on account of them.

We think that the plaintiff is also entitled to the return of $6.37, the amount of the ten per cent. imposed upon him for his failure to hand in a list of his property.  The imposition of taxes is a matter *stricti juris*, and the plaintiff was not liable to the penalty, unless he was made so by the language of the statute.  Rev. Statutes of 1875, p. 153, sec. 4. But that statute authorizes the addition of ten per cent. only to the list made by the assessors of the property of a " resident of a town " liable to give in a list and pay taxes therein, who neglects or refuses to give in his list.  The plaintiff, not being a resident of this state, is not subject to the provisions of this statute.

We advise judgment for the plaintiff for $8.90—the sum of the two items $2.53 and $6.37.

In this opinion the other judges concurred.

NOTE.  The reference in the foregoing opinion to the statute with regard to the addition of ten per cent. to the amount of taxable property where a sworn list is not handed in by the tax-payer, is to the Revision of 1875 and not to the General Statutes of 1888.  The phraseology of the statute is somewhat changed as it appears in the latter.  In the Revision of 1875 it is as follows:—" Each resident of any town liable to give in a list and pay taxes therein, shall, on or before the first day of November annually, give in his list made and sworn to as hereinbefore prescribed, and if he shall

neglect or refuse so to do," etc. Rev. of 1875, p. 153, sec. 4. In the Revision of 1888 the statute runs as follows:—" Every person residing or liable to give in a list and pay taxes in any town, shall," etc. Gen. Statutes of 1888, § 3809. In the former statute the person must be a resident of the town *and* liable to give in a list; in the latter he must be a resident *or* be liable to give in a list. This would seem to imply that persons not resident in a town, but owning taxable property there, are bound to give in lists and liable to the ten per cent. addition where they neglect to do so. But upon looking at section 3082 of the later revision (which has not been changed from its form in the preceding revision), we find that the assessors of each town are required to post or publish a notice " requiring *all persons therein* liable to pay taxes, to bring in written or printed lists of their taxable property." There seems to be no statute directing what persons shall bring in their lists, except the one before considered (§ 3809), that " every person *residing or liable to give in a list*" shall give in such list. It is perhaps a fair inference that no tax-payers are " liable to give in lists" except those whom the assessors (under § 3082) notify to bring in their lists, and the persons so notified are " all persons *therein* liable to pay taxes.". If the term "all persons therein" means "all persons *residing* therein," as would seem a reasonable construction, then a non-resident having property in the town is not " liable to give in a list." R.