GUY LAMKIN *vs.* THE BALDWIN AND LAMKIN MANUFAC-
TURING COMPANY.

Third Judicial District, Bridgeport, April Term, 1899. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

The defendant corporation, having been organized to take up and carry
on the business theretofore conducted by a partnership which owed
debts considerably exceeding $61,000, received from *L*, the liquidat-
ing partner, a conveyance of the partnership assets, the directors
voting that such property and a certain sum in cash should be ac-
cepted as full payment for eighty per cent of *L's* subscription, which
was for 632 of the 750 shares, and should be taken by the corpora-
tion subject to obligations of the firm to the amount of $61,000,
which indebtedness the defendant assumed and agreed to pay.
Afterward the corporation went into the hands of a receiver, and
the town of Milford presented a claim for taxes assessed against the
partnership on its real and personal property which passed to the
corporation and thence to the receiver, and also for taxes assessed
against the corporation on its real estate, pending the receivership.
Upon the hearing the town offered evidence, against the receiver's

Lamkin *v.* Baldwin & Lamkin Mfg. Co.

objection, that the partnership was insolvent when its assets were transferred to the corporation, that *L* and the other stockholders had paid but little, if any, cash on their stock subscriptions, and that the organization certificate, stating that the corporation had a capital of $75,000 of which $15,000 had actually been paid for in cash, had been duly executed and recorded. Upon reservation for the advice of this court, it was *held :* —

1. That the debts of the corporation which had been contracted by it upon the credit of this capital must be satisfied in full before anything could be paid to the partnership creditors; since the terms of the transfer, by virtue of which they became creditors of the corporation, created no specific charge or lien in their favor upon the property conveyed, nor gave them any rights superior to those of the partners in whose shoes they stood.

2. That subject to such postponement, the claim of the town for the taxes assessed against the partnership was *prima facie* entitled to allowance, though in no event to a preference, provided the town could show that it was included in the $61,000 of debts, the payment of which was assumed by the defendant; but that the equities which might then arise could not be determined upon the facts stated on the record.

3. That the taxes assessed against the corporation on its real estate in the hands of the receiver, should be allowed as a preferred claim, and paid next after the expenses of settling the estate, agreeably to the rule of priority prescribed by General Statutes, § 532, for the settlement of estates of insolvent debtors in the Court of Probate.

4. That the evidence objected to was properly received, as it went to show the true character of the transaction out of which the equities in favor of the town accrued, as compared with the outward form which it assumed in the proceedings incident to the organization of the corporation.

A corporation *de facto* is a corporation in fact, and, as such, can incur obligations which do not bind its organizers in their individual capacities, and from which they cannot enable it to escape by procuring the appointment of a receiver.

The vote of the directors of a corporation, duly recorded and attested by the signature of the recording officer, is a sufficient memorandum and signing to comply with the statute of frauds.

Informality in the statement of a claim presented by a creditor of an insolvent estate in the hands of a receiver, is waived, unless specially made the subject of exception.

Argued April 19th—decided June 8th, 1899.

APPLICATION by the town of Milford, in a receivership suit, for the allowance of certain taxes alleged to be due from the defendant corporation as a preferred claim, brought

to the Superior Court in New Haven County and reserved by that court, *Robinson, J.,* upon a finding of facts, for the consideration and advice of this court.

The finding stated these facts: The defendant is a corporation organized under the general law in February, 1898, to take up and carry on the business theretofore conducted by a partnership. The members of this partnership were the principal subscribers to the capital of the corporation. One of them, Albert A. Baldwin, conveyed his interest in the firm assets, real and personal, to the other, Guy Lamkin; one of the conveyances stating as part of the consideration that Lamkin agreed to assume and pay all the partnership debts and liabilities. Lamkin then conveyed to the corporation, upon the same consideration, pursuant to a vote of the directors that such conveyances, together with $17,060 in cash, should be received in full payment of eighty per cent of his subscription to 632 out of the 750 shares of $100 each, which constituted its capital, and should be taken subject " to obligations of said partnership of Baldwin & Lamkin in amount $61,000, which said obligations The B. & L. Mfg. Co. assumes and agrees to pay." This vote recited that the partnership property to be so conveyed was "appraised at the actual value " of $94,500, leaving, after deduction for the obligations assumed, its "actual value " $33,500. Of the property so bargained for, a part, to which a value of $69,500 was thus assigned, was worth less than half that sum, and the rest, valued at $15,000 was worth several hundred dollars less than that; while the partnership liabilities were several thousand dollars in excess of $61,000; all of which Lamkin then well knew. The partnership business had been run at a loss for several years prior to the transfer. A suit is pending against Lamkin in favor of the receiver to recover an alleged balance due on his stock subscription, on the ground that what the corporation accepted in payment was not payment in fact.

The claim of the town presented to the receiver was for taxes assessed against the partnership in 1894, 1896 and 1897, on property, real and personal, which passed to the corpora-

tion and came into his hands, and also for taxes assessed against the corporation upon its real estate, in 1898, pending the receivership. No tax liens had been filed by the collector.

The town offered evidence that when the transfers from Baldwin to Lamkin, and also those from Lamkin to the corporation, were made, the partnership was insolvent; that Lamkin never paid anything on his stock subscription, except by said transfers, save that he agreed to pay, and did pay, $23,500 of the firm indebtedness which the corporation had assumed, and also paid $4,900 for the running expenses of the business from January 19th to February 14th, 1898, to which former day the books of the corporation were dated back; that most of the other stock subscriptions were made by creditors of the partnership, who paid no cash upon them, but took the stock in liquidation of the debts so due them; and that an organization certificate was duly executed and recorded on February 16th, 1898, stating that the corporation had a capital stock of $75,000, of which $15,000 had been actually paid for in cash.

This evidence was objected to by the receiver as immaterial and irrelevant, because the facts stated did not affect the existence of the corporation; because they were not in issue in or relevant to this proceeding; and because the claimant was estopped from attacking the validity of the incorporation, especially at this stage of the proceedings.

The court found that if the evidence was admissible, the facts were established which it went to prove.

A time was limited for the presentation of claims against the corporation, which has expired. During the time so limited no claim except that now in question was presented for any liability incurred before February 14th, 1898. Claims amounting to $28,000 have been presented and allowed, for debts incurred by the corporation since that date.

The receiver was appointed in a suit brought by Lamkin against the corporation, under the statute, as the principal stockholder, to wind up its affairs and dissolve it, on account of its financial embarrassment.

The receiver claimed as to the taxes assessed against the

partnership: (1) That they were not a claim against the corporation and could not be proved in this proceeding; (2) that they were not a preferred claim, being, if anything, for a debt assumed, and not for taxes assessed against it; (3) that any claim was for the taxes upon the personal property only; (4) that the evidence objected to by the receiver, as hereinbefore set out, was inadmissible. As to taxes assessed against the corporation: (1) That they should not be allowed, being laid upon property in custody of the law; and (2) that they did not constitute a lien against the property, and that the same could be sold by the receiver, free from any such lien.

The town claimed: (1) That the receiver, having taken into his possession all the property upon which the taxes were assessed, was bound by the contract upon which said property was sold; (2) that said taxes were privileged claims; (3) that the payment of said debts, including said taxes, was the consideration upon which said property was conveyed, and the receiver was bound to perform the contracts; (4) that said contract was for the benefit of the town, and could be enforced by it; and (5) that said corporation was never legally organized, and that the receiver was in fact the receiver of said partnership, and could not avoid the partnership agreements to the injury of the town and benefit of said corporation.

All questions arising on these claims were reserved for the advice of this court.

*William B. Stoddard*, for the town of New Milford.

*E. P. Arvine* and *George E. Beers*, for the receiver.

BALDWIN, J. A corporation known as the Baldwin & Lamkin Company acquired, in payment of subscriptions to its capital stock, certain real and personal property formerly belonging to the firm of Baldwin & Lamkin, under conveyances, part of the consideration for which was its undertaking to pay certain of the partnership debts. The company is now in the hands of a receiver, who holds the property. But one

claim against the partnership has been presented to him for allowance, and that is a bill for taxes due the town of Milford. Other claims to a large amount have been presented for liabilities contracted by the corporation in the course of its business, after receiving the conveyances in question.

The corporation stepped into the shoes of the partnership, in respect to certain property and certain debts. There is no legal objection to such a contract, and the receiver is bound to fulfill its obligations so far as he has assets which are equitably applicable to the purpose. *Waterman's Appeal*, 26 Conn. 96, 108.

No right of action at common law was given to the creditors whom it was designed to secure. *Clapp* v. *Lawton*, 31 Conn. 95; *Baxter* v. *Camp*, 71 id. 245. If the town of Milford be one of them, it has only an equitable claim derived from the partners, who made this provision for it. But their manifest object in the conveyances from Baldwin to Lamkin and Lamkin to the corporation, was to shift the firm liabilities in whole or part upon a corporation which should succeed to its property and continue its business. It was to be little more than the partnership under a new form. To accomplish this it was necessary (General Statutes, §§ 1947, 1948) to represent it to the world as possessed of a certain capital, of which twenty per cent had been paid in, in cash; and this was done. Upon the credit of this capital the corporation afterwards contracted debts of its own, to a considerable amount, which have been allowed by the receiver. These must be satisfied in full before anything can be paid on the partnership debts. The provisions as to the latter, in the deeds of conveyance, created no specific charge in terms upon the property conveyed. They were referred to as part of the consideration; but the title transferred was absolute. No equity to such a charge followed it, unless in favor of the partners; and those now claiming under them must work through their equities and can have no rights superior to theirs. *Case* v. *Beauregard*, 99 U. S. 119. It is plain that neither Baldwin nor Lamkin could divert to the discharge of his own liabilities, property on the faith of which the corpo-

ration, with his aid and consent, had gained credit for itself, and which was necessary to satisfy the indebtedness thus contracted. The partnership creditors must be postponed under the same rule. *Ashmead's Appeal*, 27 Conn. 241, 247.

Subject to such postponement, so many of their claims are *prima facie* entitled to be allowed as were embraced in those amounting to $61,000, which the corporation assumed by vote of the directors on February 14th, 1898. The conveyance to it by Lamkin, its principal stockholder, made the next day, in which it is part of the expressed consideration that it shall assume and pay all the liabilities of the partnership, cannot avail in his favor, or in favor of those claiming through him, to enlarge its obligation, in the absence of proof that the insertion of this clause was authorized or ratified by the corporation.

It is found that the firm in fact owed a sum exceeding $61,000 by several thousand dollars. The burden is upon the town of Milford to show that its claim for taxes was included in the debts estimated at $61,000. Unless that be shown, its claim for the taxes assessed against the partnership should be disallowed. If that be shown, this claim should be treated as if it had been presented by Lamkin, after he had paid the amount due upon it to the town. The equities that might arise in that event between him and the receiver we cannot fully determine upon the facts found. It may be that the latter could properly set up as a defense in whole or part the falsity of the estimates upon which the capitalization of the corporation was based.

The taxes assessed against the corporation upon the real estate in the hands of the receiver should be allowed and are entitled to a preference. As to them, the only effect of the receivership was to change the mode of collection. To levy a warrant upon property thus in the custody of the court would be inadmissible, but this is because the fund is already in course of judicial administration and may be said to be held by the receiver in equitable execution. *In re Tyler*, 149 U. S. 164, 183.

In the settlement of the estate of an insolvent debtor, in

the Court of Probate, " all lawful taxes " are entitled to a priority of payment. General Statutes, § 532; Public Acts of 1889, p. 20. If such an estate is settled in a court of equity, through the agency of a receiver, the same rule must be applied. The principles which determine the rights of creditors cannot be varied because presented in one forum rather than another, under the same government. *In re Waddell-Entz Co.*, 67 Conn. 324, 338; *In re Greeley & Co.*, 70 id. 494. The title to the land remained in the corporation; only the possession passing to the receiver. It was therefore properly listed for taxation in the name of the corporation. General Statutes, § 3805. As to cash realized by a receiver from sales, and held temporarily to await an order of distribution, a different rule may, under certain circumstances, be applied. *Brooks* v. *Hartford*, 61 Conn. 112.

This preference can in no event extend to the claim founded on the taxes due from the partnership. The statute refers only to taxes assessed against the insolvent debtor. It is not one to be extended by construction beyond the plain meaning of its terms. Taxes assessed against third parties which the insolvent debtor has promised them to pay, may be a proper foundation of a claim against his estate, but the claim itself will be simply on his own contractual obligation.

The form in which the town presented its claim was not well adapted to express the real matter in demand. There should have been a statement that the taxes against the partnership were assumed by the corporation and that Lamkin with whom the contract was made has presented no claim upon it against its estate. For want of this, the equity which the town intended to set up was left without any proper support. No exception on this score, however, having been taken to the claim, the informality is to be treated as waived. *Cothren's Appeal*, 59 Conn. 545.

The evidence offered by the town and objected to by the receiver was relevant and admissible. It went to show the true character of the transaction out of which the equities in favor of the town accrued, as compared with the outward form which it assumed in the proceedings incident to the

organization of the corporation. It did not follow from the facts so proved that the corporation never came into existence. There was at least a corporation *de facto*, and it is immaterial, as respects the claims of the town, whether it was or was not one *de jure*, also. *Canfield* v. *Gregory*, 66 Conn. 9, 17. A corporation *de facto* is in plain English a corporation in fact. It can incur obligations as a corporation which do not bind those who associated to constitute it, in their individual capacities, and from which they cannot, by procuring the appointment of a receiver, enable it to escape. Every liability of the Baldwin & Lamkin Company is the proper subject of a claim against its estate in the present action.

The receiver is its receiver, not that of the partnership, nor is he bound to fulfil the partnership obligations except so far as they may have been assumed by the corporation. That liability rests on a mere personal contract, and is secured by no lien upon the property which it received. The town, so far as the partnership taxes are concerned, must claim under the contract of the corporation, and has no claim, unless there was a corporation capable of contracting with it. As to its demand for taxes assessed against the corporation, that rests equally upon the existence of the corporation as a holder of the legal title to the land assessed. They are due from the corporation, or its representatives, and the claim was properly presented against its estate, and against that only.

That the partnership was insolvent did not show that the corporation originally was, since some of the partnership creditors were subscribers to its capital, and thus converted their claims into stock. But had it been insolvent from the beginning, this would not have varied its character as a corporation *de facto*, nor the relations of the receiver to the property which came down from the partnership, so far as concerns the claims for taxes presented in this proceeding.

The receiver claims that in no event could the corporation be bound to respond to the partnership obligations, because of the statute of frauds. General Statutes, § 1366. The vote of the directors of a corporation, duly recorded, is a

sufficient memorandum in writing, and the signature of the recording officer in attestation of the minutes a sufficient signing by the party to be charged. It is found that the vote of the directors of the Baldwin & Lamkin Company was passed at a meeting at which all of them were present. It thereupon became the duty of the clerk of the board to record it, and at a proper time to verify the record by his signature. The law presumes, in the absence of evidence to the contrary, that all this was done. *Lane* v. *Brainerd*, 30 Conn. 565; *Chase* v. *Tuttle*, 55 id. 455, 468.

The Superior Court is advised that the taxes assessed against the corporation on the list of 1898 should be paid next after the expenses of executing the trust and settling the estate, agreeably to the rule prescribed in General Statutes, § 532; that the claim for taxes assessed against the partnership is not a lien or charge upon any of the property in the hands of the receiver, and can in no event be a preferred claim, or paid at all, until after all claims, other than those founded on the assumption by the corporation of the partnership obligations, have been paid in full; and that whether it should be allowed at all should be determined upon the principles laid down in the foregoing opinion, with the aid of any further evidence which may be necessary to present all the material facts.

In this opinion the other judges concurred, except HAMMERSLEY, J., who dissented.

HAMERSLEY, J. (dissenting). The substantial condition, as affecting the claim of the town of Milford, is this: Mr. Lamkin, as a partner, as well as by agreement, was the immediate debtor of the creditors of the firm of Baldwin & Lamkin to an amount exceeding the sum of $61,000. He was, as a partner, as well as by agreement, the sole owner of property valued at $61,000, which in his hands was subject to attachment for the satisfaction of these partnership debts. He conveyed this property to the Baldwin & Lamkin Manufacturing Company, and the corporation in consideration of

that conveyance promised Lamkin to assume and pay obligations of the firm to the amount of $61,000. The corporation received and has ever since enjoyed the property or its proceeds, but has not paid the obligation of the partnership to the town of Milford. In presenting its claim to the receiver the town, in legal effect, brings an action to enforce the obligation of that corporation to it. No question of the statute of frauds is involved; if the promise must be treated as one to answer for the debt of another, it is in writing. That the town has (assuming that the taxes are an obligation of the partnership within the meaning of the agreement) a right of action against the corporation, is admitted. The material question is one of marshaling the assets. Shall the claim of the town be postponed to the claims of other creditors? The majority of the court hold that it shall; and the reason implied in the opinion of JUDGE BALDWIN is, that the town's right of action is one to enforce Lamkin's rights against the corporation under its promise to him, and therefore the town, deriving its right from Lamkin, can have in the marshaling of assets no equities superior to his; and as Lamkin could not divert to the discharge of his own liabilities, property on the faith of which the corporation with his aid had gained credit for itself and which was necessary to satisfy the indebtedness thus contracted, so the town standing in his shoes comes under the same rule.

I cannot let this implication pass unchallenged. It is not essential to the decision of the case, and involves a view of the ground of action in similar cases which seems to me untenable, and which I believe the court, if the question should be directly presented, would be obliged to hold untenable.

The rights of Lamkin against the corporation arise from the promise to him. The promise to him gives no right of action to the town against the corporation, either at law or in equity. There are authorities which hold that in every instance where a promise is made to one for the benefit of another, the latter can maintain a suit upon that promise; but such is not the law in this State. The true distinction is clearly stated in *Treat* v. *Stanton,* 14 Conn. 445, 453, 454. See

also *Meech* v. *Ensign*, 49 id. 191, 203 ; *Waterman's Appeal*, 26 id. 96, 107 ; *Clapp* v. *Lawton*, 31 id. 95, 104 ; *Baxter* v. *Camp*, 71 id. 245, 248, 249. The case last cited stands upon the doctrine of *Treat* v. *Stanton*, and was not intended to and does not modify or extend that doctrine.

It is inconsistent with this settled law, to hold that the town has a right of action derived from Lamkin to enforce the promise made to him. When a promise is made by one to another for the benefit of a third party, that third party has no right of action *on the promise*, unless the promisee is in fact, or can be considered in law, his agent; and has no right of action at all unless the benefit to him involves something more than a mere gratuity. In the latter case, that is, when the rights or interests of the third party are involved in the consideration of the contract, or are affected by the transaction, he may have a right of action, not upon the promise or contract to which he was not a party, but upon the obligation arising in his favor from the transaction of which the contract is one element. Such right of action may be at law or in equity, according to the circumstances; but in any event it is a right to enforce a direct obligation from the promisor to the third party. Sometimes cases of this kind have been treated as furnishing evidence of an agency between the third party and the promisee, and for this reason an action upon the promise has been maintained. But unless such agency is clearly shown, the true ground of action is, not upon the promise, but upon the duty arising from the facts of the transaction. *Meech* v. *Ensign*, *supra*, p. 203.

When the corporation accepted the property valued at $61,000,—knowing that in Lamkin's hands it was subject to attachment by his creditors who had claims exceeding that amount, and that Lamkin in conveying it intended to appropriate it for the benefit of the creditors whose rights in enforcing their claims would otherwise be seriously damaged by the transfer,—the law imposed upon the corporation a duty to the creditors, independent of its duty to Lamkin under its promise to him; and this duty the creditors, taking proper steps for that purpose, could enforce by action, independent

Wood v. Danbury.

of any right of action in Lamkin against the corporation. Had the corporation assumed to pay each creditor a sum named and received property actually the equivalent of that sum, an action at law might be maintained; but the facts in this case render an action in equity the proper remedy.

As the town of Milford is not suing upon a right derived from Lamkin, but upon a direct obligation from the corporation to itself, the reason given in the opinion for postponing its claim to the claims of other creditors is insufficient. A postponement, or at least a reduction of the claim, may be justifiable for other reasons; but it is unnecessary for me to discuss the question. The liability of the opinion as written, to invite inferences as to the nature of actions of this kind which I believe the court will be unable to accept when such question shall come before us directly, is the main reason for my dissent.