ALBERT L. POPE ET AL., RECEIVERS, vs. THE TOWN AND CITY OF HARTFORD.

First Judicial District, Hartford, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Under § 2328 of the General Statutes, providing that the whole property in this State of every foreign corporation shall be listed and taxed in the same manner as the property of individuals, cash in hand or on deposit in this State, belonging to such a corporation and derived from sales made in the course of its business carried on here, is taxable; and the fact that such a corporation happens to be in the hands of ancillary receivers appointed by a court of this State pursuant to the orders and decrees of which its affairs in this jurisdiction are being conducted, and that the money, acquired by sales made by them, is held for the purpose of paying creditors, is immaterial.

It is the actual, as distinguished from the legal, situs of such property, which determines its taxability under this statute: the fact that it is within this State receiving the protection of its laws.

General Statutes, § 2342, prescribes that the property of any trading, mercantile, manufacturing or mechanical business shall be assessed in the town where its business is carried on, and that the rule of assessment shall be the average amount of goods kept on hand for sale during the year prior to the assessment. *Held* that this section had no bearing on the question of taxing cash on hand or in bank belonging to such a corporation.

The cases of *Shaw* v. *Hartford*, 56 Conn. 351, and *Brooks* v. *Hartford*, 61 Conn. 112, explained and distinguished.

Argued October 5th—decided December 17th, 1909.

ACTION in the nature of an appeal from the refusal of the board of relief of the city of Hartford to strike out a

cash item of $291,151 from the tax list of the plaintiffs, brought to the Superior Court in Hartford County and tried to the court, *Bennett, J.,* upon a demurrer to the complaint; the court overruled the demurrer and rendered judgment for the plaintiffs, from which the defendants appealed. *Error and new trial ordered.*

*Francis H. Parker,* for the appellants (defendants).

*Arthur L. Shipman,* for the appellees (plaintiffs).

THAYER, J. The plaintiffs as receivers of the Pope Manufacturing Company, a New Jersey corporation, on the 21st day of October, 1908, returned the following list of the taxable property belonging to them and situated in the town and city of Hartford on the 1st day of October:—

"One mill and factory, . . . . $300,000
" Investment in mechanical and manufacturing operations, . . . . $200,000
" Total, . . . . . . . $500,000 "

The board of assessors added to the list so returned, an item reading: "Cash on hand on deposit, $291,151." The plaintiffs appealed from this action of the assessors to the board of relief, requesting said board to strike the added item from their list. The board refused to do so, and the plaintiffs appealed from their action to the Superior Court, which rendered judgment striking the item from the list. The defendants appealed from that judgment to this court.

The appointment of the plaintiffs as receivers of said company was made by the Superior Court in Hartford county on November 1st, 1907, the company being then in the hands of the principal receivers appointed by the Court of Chancery of New Jersey. The plaintiffs after their appointment and until the 24th day of December, 1908, conducted the business of the company in this State

under orders of the Superior Court, and by virtue of said orders made and sold automobiles in Connecticut. On the 1st day of October, 1908, they had $291,151 in cash belonging to the company in their hands and on deposit in bank to their credit as such ancillary receivers. This sum was derived from the proceeds of sales of goods and material theretofore in their hands as receivers, and from the proceeds of sales of automobiles manufactured by them in the course of their business as receivers under orders of the Superior Court. It was held by the plaintiffs for the purpose of paying claims of the creditors of the company under directions of the Superior Court and said Chancery Court of New Jersey.

On September 21st, 1908, said Court of Chancery had directed the principal receivers to request the plaintiffs as ancillary receivers to apply for authority to transfer the sum of $100,000 from the Connecticut jurisdiction to the New Jersey jurisdiction, for the purposes of paying a dividend to creditors of the company whose claims had been allowed, and such an application had been made by the plaintiffs and was pending in the Superior Court on the 1st day of October. On October 2d, 1908, a hearing was had upon said application and the same was granted, and $100,000 was thereafter transferred to the New Jersey receivers and was used in paying a dividend to creditors of the company. Later, under another order of the Superior Court, the transfer of a further sum of $163,000 was made to the New Jersey receivers, which, with funds in the Chancery Court of New Jersey belonging to the domiciliary receivers, was sufficient to pay the balance due upon all claims allowed by said Court of Chancery and the Superior Court, with interest. The funds so transferred were disbursed by the domiciliary receivers under orders of said Court of Chancery in the payment of those claims.

The foregoing are substantially the facts set up in the

Pope v. Hartford.

complaint. The only error assigned is the action of the court in overruling a demurrer to the complaint, and this presents the question whether, upon the facts, the cash item was properly added to the plaintiffs' list.

It is provided by statute that "the whole property in this state of every corporation organized under the laws of any other state or country, shall be set in its list and liable to taxation in the same manner as the property of individuals." General Statutes, § 2328. The cash and credits of individuals are liable to taxation. The plaintiffs claim that if the cash in question belonged to the Pope Manufacturing Company, it was not taxable because of § 2342 of the General Statutes, which provides that the property of any trading, mercantile, manufacturing, or mechanical business shall be assessed in the town, city, or borough where the business is carried on, and provides, as a rule of assessment, the average amount of goods kept on hand for sale during the year prior to the assessment. But that section has no bearing upon such a case as this. There is here no question of the average amount of goods kept on hand for sale; and the fact that such a rule of assessment is provided for the goods kept on hand for sale does not exempt a foreign corporation from taxation upon its other property, real and personal, within the State.

The case of *Shaw* v. *Hartford*, 56 Conn. 351, 353, 15 Atl. 742, is referred to in support of the plaintiffs' contention. In that case the stock of goods of a nonresident individual trader kept on hand for sale in this State was held to be taxable under the statute, although the goods were also taxable in the State of the trader's domicil; but we held that other personal property of his found here and assessed against him was improperly included in the assessment. That property not being within the statute was not taxable by force of it, and there was no other statute which made it taxable in this State. Its situs was at the domicil of its owner in another State. Section 2328 makes all the prop-

erty of a foreign corporation within the State liable to assessment. The language is too clear to leave any doubt as to its intent. The power of the State to make such an enactment is undoubted. *Sprague* v. *Lisbon,* 30 Conn. 18, 19. If the corporation had been solvent and had this cash on hand it would have been bound upon the facts before us to have included it in its list for taxation.

The court in its memorandum overruling the demurrer held that cash in the hands of receivers of a corporation applicable only to the payment of dividends to creditors is not property of the receivers or the corporation for purposes of taxation, but is the property of the creditors; and that cash in the hands of ancillary receivers of a foreign corporation in this State temporarily held for transfer to receivers of the corporation in the State of its domicil, and there applicable to the payment of dividends to creditors, has no situs in this State for purposes of taxation, and is not property in this State within the meaning of the statutes in regard to taxation. And this is the plaintiffs' chief contention.

We think that the situs of this property, for purposes of taxation, was precisely the same as it would have been had there been no receivers and had the cash remained in the hands of the corporation. The receivership did not transfer the title to the creditors, nor did the cash, which would be property subject to taxation in this State under the statute, cease to be such by reason of the receivership. In the hands of the corporation its legal situs would be in the State of the corporation's domicil. It is not the legal situs of the property which decides its taxability under the statute, but its actual situs, the fact that it is within the State receiving the protection of its laws. If true of a foreign corporation, it must be true of a domestic one that upon the appointment of the receiver the property of the corporation becomes the property of its creditors and for purposes of taxation belongs neither to the re-

ceivers nor the estate. But § 2340 of the General Statutes provides that the estates of insolvent debtors may be set in the list for taxation, either in the name of the estate or of the trustee, showing that it is intended that these estates shall be listed and pay their proportion of the taxes. And this statute in its phraseology applies as well to foreign as to domestic insolvent corporations. It applies as well to estates being settled in a court of equity through the agency of a receiver as to those settled in the Court of Probate through a trustee in insolvency. *Lamkin* v. *Baldwin & Lamkin Mfg. Co.*, 72 Conn. 57, 64, 43 Atl. 593, 1042.

This case is distinguishable from *Brooks* v. *Hartford*, 61 Conn. 112, 23 Atl. 697, relied upon by the plaintiffs. In that case the corporation had been dissolved. During its existence it was not liable to taxation in Hartford, except upon its real estate there situated. It paid a special tax to the State in lieu of a tax upon its other assets. After its dissolution the town of Hartford assessed the assets remaining in the hands of the receivers, a large portion of which they had received from the sale of property situated in other States, claiming the right to make the assessment under a statute, now General Statutes, § 2337, relating to the taxation of property in the hands of trustees. It was held that the receivers were not trustees within the meaning of that statute, and that the decree by which the corporation was dissolved vested the entire beneficial interest in the assets remaining in the receivers' hands, in the creditors of the corporation, so that it belonged to them and was not properly assessed against the receivers. In the present case the town and city have assessed property which, had the receivers not been appointed, would have been properly assessed against the corporation. The corporation was in existence. The complaint shows that the cash which was assessed was not all required to pay in full, with interest, all the debts of the corporation. No decree had been passed vesting the title to the corporate assets

in the creditors. On the contrary, the corporation still retained an interest therein. In *Lamkin* v. *Baldwin & Lamkin Mfg. Co.*, 72 Conn. 57, 43 Atl. 593, 1042, we held that it was proper to list the real estate of a corporation which was in a receiver's hands in the name of the corporation, because the title to it remained in the corporation. It was then said that "as to cash realized by a receiver from sales, and held temporarily to await an order of distribution, a different rule may, under certain circumstances, be applied," and *Brooks* v. *Hartford*, 61 Conn. 112, 23 Atl. 697, was cited in support of the proposition. This is not saying that under all circumstances a different rule should be applied. The expression was guarded and does not warrant the inference, attempted to be drawn from it, that that case is controlling in all cases as to the status under the tax law of cash awaiting distribution in the hands of receivers. In the present case the receivers had carried on the business of the corporation. The cash in question had been accumulated from the sale of automobiles which they had manufactured, and from the sale of materials and goods. In that portion of it not required to pay their claims the creditors had no interest. The corporation was in fact solvent. The cash in the receivers' hands under such circumstances is cash of the corporation for purposes of taxation, and should be listed either in the name of the receivers or of the estate.

There is error and a new trial is ordered.

In this opinion the other judges concurred.