## The Bridgeport Projectile Company *vs.* The City of Bridgeport.

Third Judicial District, Bridgeport, October Term, 1917.

Prentice, C. J., Roraback, Wheeler, Beach and Shumway, Js.

As a general rule, the *situs* of personal property for purposes of taxation is the residence of its owner; and under our law (General Statutes, §§ 2323, 2328, 2329, Public Acts of 1907, Chap. 184, id. 1915, Chap. 153) this rule is applicable to New York bank deposits owned by a Connecticut manufacturing corporation and used here for its corporate purposes in connection with its local business. Such a deposit creates the relation of debtor and creditor, and the depositor is taxable not on the money which he no longer owns, but only on the intangible right to repayment on demand by check.

The fact that the State in which the deposits are made may use its power of control over the person of the debtor as a means of compelling the nonresident depositor to pay a second tax upon the

same credit, does not impair the right of the State in which the depositor resides and in which the credit is employed from taxing such property.

This right to tax rests not only on the doctrine that movables follow the person of the owner, but also on the protection which the State affords to the privileges and business of its own corporations, in return for which they are justly bound to contribute to its support.

Argued October 30th—decided December 15th, 1917.

APPLICATION in the nature of an appeal from the action of the board of relief of the city of Bridgeport in assessing and valuing the personal property of the plaintiff for taxation, taken by the plaintiff to, and reserved by, the Superior Court in Fairfield County, *Curtis, J.,* upon an agreed statement of facts, for the advice of this court. *Judgment for defendant advised.*

The essential facts agreed on are: (1) On September 1st, 1915, the plaintiff, a Connecticut corporation located in Bridgeport, owned land, buildings, machinery and local bank credits, properly assessable in Bridgeport, at $159,090. (2) It also had on deposit in the Guaranty Trust Company of New York City, $300,943.79. (3) If this latter item was legally assessable by the city of Bridgeport, the plaintiff's property should be taxed at $460,033.79, plus ten per cent for failure to file list. (4) If this item was not taxable in Bridgeport, its property should be assessed at $159,090, plus ten per cent for failure to file list.

The question reserved for advice is stated as follows: "Whether or not said 'cash on deposit in the Guaranty Trust Company of the City and State of New York, amounting to three hundred thousand nine hundred forty-three dollars and seventy-nine cents ($300,943.79)' was and is legally assessable and taxable by the City of Bridgeport."

*Carl Foster*, for the plaintiff.

*William H. Comley, Jr.*, for the defendant.

BEACH, J. The only question is whether the city of Bridgeport has power, under our statutes, to tax the plaintiff corporation on its New York bank credit.

The material parts of the statutes are as follows: Section 2323 of the General Statutes, in defining taxable property, includes "moneys, credits, choses in action," and excludes "money or property actually invested in merchandise or manufacturing carried on out of this State." Section 2328 provides that "the whole property in this State of every corporation organized under the laws of this State"—with exceptions not now material—"shall be set in its list and liable to taxation in the same manner as the property of individuals." Section 2329, as amended by Chapter 184 of the Public Acts of 1907 and Chapter 153 of the Public Acts of 1915, after dealing with real and personal property located in other towns in this State, provides that "all other personal property of such corporation shall be set in the list of the town in which such corporation has its principal place of business, or exercises its corporate powers."

Plaintiff claims that the words "in this State," in § 2328, impose a special limitation on the power to tax corporations; but, in view of the general policy of our law and the above-quoted portions of the statutes, it is impossible to attribute such an intent to the General Assembly. The plain meaning of § 2328 is that the whole property of such corporations within the taxing jurisdiction of this State shall be taxed.

*Pope* v. *Hartford*, 82 Conn. 406, 74 Atl. 751, does not support the plaintiff's claim that bank deposits are to be taxed at the *situs* of the bank. In that case the

question was whether cash in hand or on deposit in this State, belonging to a foreign corporation and derived from sales made in the course of its business carried on here, was taxable. Under these circumstances we held that it was taxable in accordance with the recognized rule that capital permanently employed in carrying on business in any State, together with the proceeds of such business, may be taxed where so employed, notwithstanding the fact that it may have assumed, for the time being, the form of an intangible bank credit owned by a nonresident. *New Orleans* v. *Stempel,* 175 U. S. 309, 20 Sup. Ct. 110, and cases cited; *State Board of Assessors* v. *Comptoir National D'Escompte,* 191 U. S. 388, 24 Sup. Ct. 109; *Metropolitan Life Ins. Co.* v. *New Orleans,* 205 U. S. 395, 27 Sup. Ct. 499. Our own statute, § 2323 above quoted, recognizes this principle, and exempts from local taxation money invested in carrying on certain kinds of business out of the State.

The familiar rule as to the *situs* of personal property for taxation is stated in *State Board of Assessors* v. *Comptoir National D'Escompte,* 191 U. S. 388, 402 (24 Sup. Ct. 109): "It may be taken as a general rule of the law of taxation of personal property that such property can only be taxed at the residence of the owner, or at such place as it has acquired a *situs,* which will subject it to the taxing power of the State where found. In its application to tangible property, there is little difficulty in applying this principle. The difficulty arises in determining whether a credit or chose in action has acquiried a local *situs* in contemplation of law at a place other than the domicile of the owner in such sense as will permit the State to tax it in the place of its localization."

No facts appear on this record which take the case out of the general rule above stated. There is no sug-

gestion that the credit in question is actually invested in merchandise or manufacturing carried on out of this State. On the contrary, the necessary inference from the agreed statement of facts is that it is to be employed for the corporate purposes of the plaintiff in connection with its Bridgeport business. That being so, it was properly taxed at the plaintiff's residence in Bridgeport.

A general deposit in a commercial bank creates the relation of creditor and debtor. *Lippitt* v. *Thames Loan & Trust Co.*, 88 Conn. 185, 194, 90 Atl. 369. After the deposit is made the depositor no longer owns any tangible property in the money deposited. "The specific money when loaned, and received by the borrower, is no longer the property of the creditor." *Kirtland* v. *Hotchkiss*, 42 Conn. 426, 438. It follows that the plaintiff cannot be taxed on the money which it no longer owns, but only on the intangible right to repayment on demand by check. This remains strictly and logically true, although in common speech a tax on bank credits is called a tax on "money in bank." "The receipt of money by a bank, although it only creates a debt, is in a popular sense the receipt of money for safe-keeping." *Engel* v. *O'Malley*, 219 U. S. 128, 136, 31 Sup. Ct. 190. This popular inaccuracy of thought and language may be of little importance so long as the depositor and the bank are within the same taxing jurisdiction, but it must not be allowed to obscure the issue when the right of a State to tax its own residents on bank balances due from banks in other States is drawn in question. In such cases the intangible nature of the credit must be recognized.

The undoubted rule is that, for the purposes of taxation, a debt is property at the residence or domicil of the creditor. *Kirtland* v. *Hotchkiss*, 42 Conn. 426;

*Same* v. *Same*, 100 U. S. 491; *Buck* v. *Beach*, 206 U. S.
392, 401, 27 Sup. Ct. 712. It may also acquire a local
*situs*, and then the question arises whether the local
*situs* is, for taxing purposes, exclusive or merely addi-
tional. Confining the discussion to the subject of
bank credits, it has been held, in the cases already
cited, that they may acquire a local *situs* if the capital
which they represent is employed in a local business.
It has also been held, in *Blackstone* v. *Miller*, 188 U. S.
189, 23 Sup. Ct. 277, that the State of New York may
lay an inheritance tax on the transfer of a balance due
from a New York bank to the estate of a deceased
nonresident depositor, without falling foul of the Fed-
eral Constitution. Although Mr. Justice Holmes
suggests in the opinion that there is a practical sim-
ilarity between what is commonly called money in
bank and coin in the pocket, which has for taxing pur-
poses more or less obliterated the legal difference, the
case was not disposed of on that theory, but on the
orthodox principle that the bank was indebted to the
estate of the decedent, and because of the practical
fact that the State of New York had power over the
person of the debtor. "Power over the person of the
debtor confers jurisdiction, we repeat." p. 206. Car-
ried to its conclusion, this would authorize any credit
to be taxed to the creditor at the domicil of the debtor;
but, as pointed out in the opinion, the result is not to
deprive the State of the creditor's domicil of its un-
doubted right to lay a similar tax. It simply subjects
the credit to double taxation.

So in this case, the right of the State of Connecticut
to tax the resident plaintiff corporation on a New York
bank credit which represents capital employed, or to
be employed, in a business carried on here, is not af-
fected by the possibility that the State of New York
may use its control over the debtor as a means of com-

pelling the plaintiff to pay a second tax on the same credit.

This conclusion does not rest wholly on the so-called fiction that movables follow the person of the owner, which when applied to a purely intangible credit still remains a necessity rather than a fiction. It rests also on the protection which this State affords to the plaintiff's corporate privileges and business. "The debt is property in his hands constituting a portion of his wealth, from which he is under the highest obligation, in common with his fellow-citizens of the same State, to contribute for the support of the government whose protection he enjoys." *Kirtland* v. *Hotchkiss*, 100 U. S. 491, 498.

The question reserved for our advice is answered in the affirmative, and the Superior Court is advised to render judgment accordingly; costs in this court to be taxed in favor of the defendant.

In this opinion the other judges concurred.