## WILLIAM GARRITY
### vs.
## HIGGANUM ICE, INC.

Superior Court      Middlesex County      File #6855

Present: Hon. ERNEST A. INGLIS, Judge.

Aaron J. Palmer,            Attorney for the Plaintiff.

Thomas C. Flood;
Bertrand E. Spencer;
Carlos B. Ellis, Jr.;
Thomas Cambria,          Attorneys for the Defendant.

**MEMORANDUM FILED APRIL 28, 1937.**

INGLIS, J. This motion presents two questions: first as to whether taxes assessed prior to receivership in favor of a town against a corporation now in receivership are a prior claim against the assets in receivership and second, if they are such a prior claim, should the assets of the receivership be applied first on the taxes assessed on real estate and secured by a lien or on the taxes assessed on personalty.

As regards the first question, it now seems to be well settled that claims should have the same priority in a receivership as they have under the statutes relating to proceedings against an insolvent debtor.

Shippee vs. Riverside Trust Co., 113 Conn. 661, 673.

Lippitt vs. Thames Loan & Trust Co., 88 Conn. 185, 189.

Lamkin vs. Baldwin & Lamkin Mfg. Co., 72 Conn. 57.

Ward vs. Connecticut Pipe Mfg. Co., 71 Conn. 345.

In re Greeley & Co., 70 Conn. 494.

Merchants National Bank vs. Perkins-Strongman Corp., 4 Conn. Sup. 239.

The reasoning back of that conclusion is in part that "the principles which determine the rights of creditors can not be varied because presented in one form rather than another under the same government.

Lamkin vs. Baldwin & Lamkin Mfg. Co., 72 Conn. 57.

It must therefore be the Connecticut Insolvent Debtors Act which controls rather than the Federal Bankruptcy Act.

The State Act does give priority to all lawful taxes or all legal taxes, and all debts due to the state and the United States (not simply to all taxes due the state and the United States as suggested by counsel) second only to the expenses of administration.

Secs. 4870, 4937, General Statutes, Rev. 1930.

Accordingly, that priority should be allowed in the receivership of a corporation in favor of taxes due to a town, assuming of course that they have been lawfully assessed.

The second question so far as this case is concerned may be easily resolved when it is borne in mind that any creditor of an insolvent, a portion of whose claim is secured, has the right to first exhaust his security and then prove as a general claim against the insolvent the amount of his debt unsatisfied by the liquidation of the security. In this case it is stated in the motion that approximately $505. of the taxes due are assessed on real estate and secured by lien and that approximately $1009. of the taxes due are assessed on personalty and are therefore unsecured. The balance in the Receiver's hands after the payment of all administration expense will fall far short of paying the taxes on personalty in full. It is clearly to the advantage of the Town of Haddam to hold its security for the taxes assessed on real estate, satisfying those taxes out of that real estate, and look to the general assets of the receivership for the payment of the taxes on personalty and this it is entitled to do.

It is not clear from the motion as to whether any of the taxes referred to therein are taxes assessed against the Receiver since he has been acting as such rather than against the corporation before receivership. If any of them are taxes assessed against the Receiver they should, of course, be paid as a part of the administration of the receivership and this is true as regards taxes on real estate as well as taxes on personalty.

With that reservation in mind, the Receiver is advised that, after the payment of all of the expenses of administration of the receivership, the claim of the Town of Haddam for taxes has a priority over all other claims against the assets in receivership, and that the balance in the hands of the Receiver after the payment of all of the expenses of administration should be paid over to the Town of Haddam to be applied on the taxes assessed against the defendant corporation on its personal property.