In this appeal from the action of the board of tax review of the defendant town, the plaintiff, armed with the due process of law provision of the fourteenth amendment to the constitution of the United States, has launched a constitutional attack on § 12-59 of the General Statutes with relation to the defendant's assessment under that statute. the defendant assessed the property of the plaintiff — an electrical computer system — in the amount of $982,580. The plaintiff seeks to strike the listing of this property from the defendant town's grand list.
This appeal comes on an agreed statement of facts, the cardinal ones being as follows: (a) The plaintiff is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Philadelphia, Pennsylvania. (b) The tangible personal property in question was first brought into Connecticut to East Hartford on June 5, 1960. (c) On June 28 and 29, 1963, the computer system was removed from East Hartford, part of the system having been sold, part returned to Pennsylvania, and part leased in California, so that on October 1, 1963, the physical situs of this tangible personal property was not in the state of Connecticut. (d) The computer system was located in East Hartford for more than seven months during the twelve months preceding the assessment day of October 1, 1963. (e) The computer system was assessed by the town of East Hartford as of October 1, 1963.
It is the contention of the plaintiff that § 12-59
does not authorize the assessment of this property. *Page 198 
Succinctly stated, the plaintiff maintains that the fact that the property was not actually in this state on the assessment date and that part of it was not even owned by the plaintiff precludes the assessment of October 1, 1963. Section 12-59 provides: "The whole property in this state of each corporation organized under the law of this state, . . . and the whole property in this state of each corporation organized under the law of any other state or country, shall be set in its list and liable to taxation in the same manner as the property of individuals. . . . [A]ll of the personal estate of such corporation which is permanently located or stationed in any town shall be set in the list of the town in which such property is located, and all other personal property of such corporation shall be set in the list of the town in which such corporation has its principal place of business or exercises its corporate powers . . . . The words `permanently located' . . . means located for any seven or more of the twelve months preceding the assessment day."
The statute does not lend itself to the construction that the property must be in this state or owned by the corporation on the assessment day. Furthermore, the property is considered as being "permanently located" in the town when it has been there for seven or more of the twelve months preceding the assessment day, which in the instant case was October 1, 1963. Security Mills, Inc. v. Norwich,145 Conn. 375, 379. The formula adopted by the legislature in its determination of "permanence of the location" of the plaintiff's property in this state is reasonably related to the privilege granted by the state and to the protection of its own interests and does not infringe upon any constitutional rights.New York v. Latrobe, 279 U.S. 421. Relative to the plaintiff's claim that ownership by the corporation is a condition precedent to the assessment, it has *Page 199 
been noted by many courts that with reference to taxation matters, properties and owners are distinct and that the protection afforded by the law should be supported by the property protected. Huddy, "Equity and Inequity of Corporate Taxation in the United States," 14 Yale L.J. 217, 225.
To adopt the plaintiff's theory, i.e., nonassessability unless the property had been in the state for seven months preceding and including the assessment day, would render it possible for the corporation to withdraw its property from the state a few days before assessment day, then return the property to the assessing locality after the assessment day and thus avoid assessment for taxation purposes. A construction which would lead to difficult and possibly bizarre results will not be adopted in the court. Muller v. Town Plan Zoning Commission,145 Conn. 325, 331. Courts cannot read into legislation, by the process of construction, provisions for which there is no clear basis in the legislative language, especially where the statute has been construed by our highest court (see AssociatedGrowers, Inc. v. New Haven, 147 Conn. 287) and allowed by subsequent legislatures to remain unchanged.Mack v. Saars, 150 Conn. 290, 300; Cashman
v. McTernan School, Inc., 130 Conn. 401, 408. In pursuing its constitutional attack on the construction accorded § 12-59 by the town, the plaintiff cites as a principal case Union Refrigerator Co. v. Kentucky,199 U.S. 194. In that case the property (cars) was permanently located in other states and employed there in the prosecution of the business of the corporation. The state attempted to tax personal property of domestic corporations when the property was permanently located out of state. Obviously, that situation differs immensely from the instant case, which involves property of a foreign corporation permanently in this state, employed here, and *Page 200 
subject to the protection of our laws and other benefits accorded it, such as fire and police protection by the defendant town. It is interesting to note a criterion justifying taxability set forth by the United States Supreme Court: "[S]ome benefit to the property taxed is a controlling consideration. . . . It is often said protection and payment of taxes are correlative obligations. It is also essential to the validity of a tax that the property shall be within the territorial jurisdiction of the taxing power. . . . [P]roperty which is wholly and exclusively within the jurisdiction of another State, receives none of the protection for which the tax is supposed to be the compensation." Id., 204. This quid pro quo doctrine justifying taxation was enunciated early by our courts. Sprague v. Lisbon, 30 Conn. 18, 19. "[W]e may well presume that the legislature deemed it reasonable that a citizen of another state permanently locating his business here, and sharing with our citizens the advantages of such location, should contribute to the expenses of the local government upon which he relies for his welfare and protection."Shaw v. Hartford, 56 Conn. 351, 353.
The plaintiff insists, nevertheless, that there is no jurisdictional basis for the assessment. There must, of course, be some jurisdictional fact or event to serve as a conductor. Miller Bros. Co. v. Maryland,347 U.S. 340.
"[W]here a corporation of one State brings into another, to use and employ, a portion of its movable personal property, it is legitimate for the latter to impose upon such property . . . its fair share of the burdens of taxation . . . where the . . . items of property . . . [are] constantly changing . . . and . . . the tax may be fixed . . . [on] the average amount of the property . . . used and employed."American Refrigerator Transit Co. v. Hall, 174 U.S. 70, *Page 201 
82; Union Tank Line Co. v. Wright, 249 U.S. 275,282. It is clear that "permanency" does not convey the idea of the characteristics of the permanency of real estate. It merely involves the concept of being associated with the general mass of property in this state as contrasted with a transient status. It means a more or less permanent location for the time being, one test being whether the property in question is within the state for use and profit. Ray v. Board ofCounty Commissioners, 173 Kan. 859; 863; note, 110 A.L.R. 707. We conclude that the facts in the present case meet that test and that the plaintiff's enjoyment of the opportunities and protection which the town has afforded to the plaintiff's property for the seven months during which it was in East Hartford provides the jurisdictional basis for the assessment and amply justifies the tax on this property, and that the statute (§ 12-59) is constitutionally unassailable.General Motors Corporation v. Washington,377 U.S. 436.
The plaintiff has failed to sustain the burden of proving that this property was not taxable by the town of East Hartford. Curly Construction Co. v.Darien, 147 Conn. 308, 310.
 The appeal of the plaintiff is dismissed.