THE BROWNELL IMPROVEMENT COMPANY

*v.*

GEORGE W. CRITCHFIELD *et al.*

*Opinion filed June 19, 1902.*

1. CONTRACTS—*what acts not a final acceptance of work on public improvement.* If a sub-contract upon a public improvement provides that "the right of final acceptance or condemnation of the work will not be waived at any time during its progress," the fact that the work is paid for by the contractor, who was on the ground, as the work progressed, in accordance with the terms of the sub-contract, does not preclude a recovery for its breach.

2. SAME—*a contract not assignable at law may be equitably assigned.* Even though a contract is not assignable at law, a party thereto may assign his interest therein so as to vest in the assignee the equitable ownership of the assignor's interest, and the assignee may sue thereon in the name of the assignor.

3. SAME—*when determination of commissioner of public works is binding.* If a sub-contract on public work provides that the commissioner of public works is to decide all questions as to the proper performance of the work, the determination of the commissioner is binding upon the sub-contractor unless he can show that the commissioner acted arbitrarily, unreasonably or fraudulently, upon which matters he has the burden of proof.

4. TRIAL—*when denial of motion for a jury trial is not error.* If an order is entered, by stipulation, that the trial may be had before the court without a jury, a motion to set aside this order and grant a jury trial is properly denied when made after all the evidence has been heard and the party making the motion has stated that he does not wish to introduce further evidence.

*Brownell Improvement Co.* v. *Critchfield,* 96 Ill. App. 84, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

The following statement of facts as made by the Appellate Court is sufficiently full and accurate, and is adopted as the statement of this court:

"Appellees contracted with the city of Chicago, on August 26, 1895, to curb, grade and pave a portion of

Wabash avenue, in said city. The written contract provided that the work should be done according to specifications, and that the work should be approved by the commissioner of public works of the city. On September 17, 1895, appellees entered into a sub-contract with appellant to do a part of this work. The contract was in writing, and provided, *inter alia*, that appellant was to 'thoroughly flood and roll the sub-grade with a ten-ton roller, to the entire satisfaction of the parties of the second part, and to furnish all material and lay down and construct the combined curb and gutter and the concrete foundation at the proper grades, and leave the same in condition ready to receive the asphalt surface, as required in the contract of the parties of the second part with the city of Chicago, dated August 26, 1895, for the improvement of Wabash avenue from Sixty-sixth street to Seventy-first street, said work to be done in accordance with said contract with said city and plans and specifications thereto attached. It is understood and agreed by and between the parties hereto, that this contract is made subject to all conditions contained in said contract with said city of Chicago, so far as the same applies to the material to be furnished and the labor to be performed by the parties of the first part, which contract, by reference thereto, is hereby made a part hereof.' It was also provided by this contract that eighty-five per cent of the amount to become due to appellant for its work should be paid from time to time as the work progressed, with certain privileges to appellees to pay by promissory notes or by cash.

"Appellant proceeded to do the work contracted for, and claimed to have completed it in the latter part of November, 1895. At about this time the city had ordered the work suspended until the following spring, because of the weather and in accordance with a provision in its contract. In December, 1895, appellant desiring a settlement with appellees, the parties entered into an

agreement of conditional settlement, which provided that whereas the said Brownell Improvement Company now desires a settlement for said work, it is agreed between said parties that a temporary settlement shall be made on the following basis: Said Brownell Improvement Company to be paid on a basis of having completed 12,969 square yards of concrete and 7175.8 feet of curb, it being agreed that when final estimates are made by the city, if the same be less than the amounts herein stipulated, then said improvement company shall refund the difference, if any, and that if said final measurements show more work than the amounts herein stipulated, the excess, if any, to be paid to said Brownell Improvement Company.  It is expressly stipulated and agreed that if defects of workmanship or material become apparent in said concrete or said combined curb and gutter before the final completion of asphalt wearing surface, or if any portion of said concrete or said combined curb and gutter requires repairs, or any other work would have to be performed on it to make it comply with the requirements of the city authorities, before laying said asphalt wearing surface the said Brownell Improvement Company will make said alterations or repairs, or perform such other or additional work as may be required by said city authorities, free of expense to said parties of the second part; further recites that nothing in this agreement shall relieve the said Brownell Improvement Company from its guarantee under its bond to said party of the second part for the faithful performance of said contract.  This agreement was signed by both parties thereto, and accepted on the bottom thereof by the Mexican Asphalt Paving Company, by its president and secretary. It was executed under seal.

"After the making of the contract with the city and the sub-contract with appellant, the business of appellees was incorporated as the Mexican Asphalt Paving Company, and the contracts of appellees were assigned

to the corporation.   Under this conditional or 'tempo-
rary' agreement of settlement the appellees paid ap-
pellant for its work, the final payment of $253.75 being
made January 2, 1896.   The work done was covered, to
protect it from the weather, by appellant.  In the spring
following it was found that the work was not in good
condition.   There was some conflict as to this condition
of the work, but the record discloses evidence which
would well warrant the conclusion that the concrete
work done by appellant was found in the spring to be
soft in many places, and not such work as the contracts
required.   The commissioner of public works of the city
refused to accept this work, and required that the con-
crete work done by appellant under its contract with
appellees, and paid for under the conditional settlement,
should be re-laid.   This, appellant, when requested by
appellees, refused to do, and thereupon the representa-
tive of the appellees said: 'Then we will do this work
and charge you with the cost of it and sue you for the
amount,' to which Mr. Brownell, the representative of
appellant, replied: 'That is the only way out of it; you
can go ahead along those lines.'   But Mr. Brownell de-
nied any liability of appellant to do the work.   Appel-
lees, through the Mexican Asphalt Paving Company,
proceeded to re-lay the concrete work done by appellant
to the extent of 8463 square yards, at a cost of $2845.11.
The remainder of the work, consisting of 3222 square
yards, was ordered done by the city through another
company, the Assyrian Asphalt Paving Company, and
the cost thereof was deducted from the amount due to
appellees from the city.

  "Before the work was re-laid an attempt was made
by appellant and appellees to induce the commissioner
of public works to accept it as done by appellant, in
which attempt they failed.  The work let to the Assyrian
company by the city to complete the contract of appel-
lees included not only the re-laying of work done by ap-

pellant, but as well the finishing which appellees were to
do thereunder, and a lump sum of $11,500 was deducted
from appellees' contract price to cover this entire work.
Appellees brought this suit to recover from appellant,
for the use of the Mexican Asphalt Paving Company, the
amount which it had thus cost them to re-lay the 8463
square yards, and the amount deducted by the city for the
re-laying of appellant's work upon the other 3222 yards,
which latter work was done by the Assyrian company.

"The cause was submitted to the court without a jury.
After the submission, appellant moved that the order of
submission, waiving a jury, be set aside and that it be
accorded a trial by jury. This motion was denied. A bill
of particulars filed by appellees before the trial limited
the part of Wabash avenue covered by the work in ques-
tion to that part lying between Seventy-first street and
Sixty-ninth street. After the hearing of evidence, and
before the finding and judgment of the court, appellees
were permitted, over objection of appellant, to file an
amended bill of particulars, by which the extent of the
street is described as between Seventy-first street and
Sixty-sixth street. The evidence disclosed that a part
of the work in question was between Sixty-sixth street
and Sixty-ninth street.

"The declaration consists of special counts and the
common counts. The special counts declare upon the
work as done by appellees through the Mexican Asphalt
Paving Company, but in the fourth additional count it is
also alleged, in effect, that the city forfeited the contract
of appellees as to a part of the work and let such part
to another contractor, and deducted the cost of the same
from the amounts due to appellees under the provisions
of its contract with the city. Appellant presented evi-
dence as to the reasonable cost of re-laying the work
done by it. The estimates of various expert witnesses
presented on behalf of appellant fixed such cost at from
twenty cents to twenty-five and a half cents per square

yard. The court found the issues for the plaintiffs, appellees, and assessed their damages at $3650, and from judgment on.this finding the appeal here is prosecuted."

The Appellate Court having affirmed the judgment, appellant prosecutes this further appeal.

GARDNER & BURNS, for appellant:

In construing a contract the intention of the parties must govern, and in arriving at such intention the court must look to the condition and circumstances of the parties, the interest which they are seeking to subserve, and the acts of the parties done under such contract. *Stout* v. *Whitney*, 12 Ill. 218; *Tracy* v. *Chicago*, 24 id. 500; *Coffing* v. *Taylor*, 16 id. 457; *Boskowitz* v. *Baker*, 74 id. 264; *Robinson* v. *Stowe*, 39 id. 568; *Niven* v. *Craig*, 63 Minn. 20.

Appellees being upon the ground as the work progressed and making no protest as to the doing of said work, either as to workmanship or materials, and paying for the same, block by block, as the work progressed, cannot afterwards recover for an alleged breach in that respect. *Niven* v. *Craig*, 63 Minn. 20; *Merritt* v. *Emery*, 42 N. Y. Sup. 688.

The parties to a transaction having made a settlement of their differences and passed receipts, such settlement is binding on the parties to it unless fraud is shown. *Mitchell Furniture Co.* v. *Monarch*, 39 S. W. Rep. 823; *Bull* v. *Harris*, 31 Ill. 487; *Straubher* v. *Mohler*, 80 id. 21; *Insurance Co.* v. *Hayes*, 21 Ill. App. 258; *Gage* v. *Parmalee*, 87 Ill. 329.

The contract sued on is in the nature of a warranty for the benefit of the Critchfields and their associates, and as such is not assignable. The right of action on the same, if any, is in them, and not in the Mexican Asphalt Paving Company, their usee. *Dunlap* v. *Gregory*, 6 Seld. 241; *Moffett* v. *Coffin*, 3 Ore. 426; *Hurd* v. *Curtis*, 19 Pick. 459; *Webb* v. *Russell*, 3 T. R. 402; *Zuckerman* v. *Solomon*, 73 Ill. 130; *Hudson* v. *Ferris*, 30 Tex. 574; *Bank* v. *Post*, 55 Ill. App. 369; *Sloan* v. *Williams*, 138 Ill. 43; *Kingsbury* v. *Wall*,

68 id. 311; *Husband* v. *Epling*, 81 id. 172; *Potter* v. *Gronbeck*, 117 id. 404.

If an oral assignment of the guaranty in a written contract is effective in transferring a right of action to the assignee, then such action must be maintained in the name of such assignee, and the damages claimed must have been *in esse* at the date of such assignment, and not such as might accrue or arise afterwards. *Moffett* v. *Coffin*, 3 Ore. 426; *Dunlap* v. *Gregory*, 6 Seld. 241; *Hurd* v. *Curtis*, 19 Pick. 459; *Webb* v. *Russell*, 3 T. R. 402; *Mitchell* v. *Winslow*, 2 Story, 630; *Skipper* v. *Stokes*, 42 Ala. 255; *Railroad Co.* v. *Woodring*, 116 Pa. St. 513; *De Wolf* v. *Gardner*, 92 R. I. 145; *Worden* v. *Railroad Co.* 82 Iowa, 735; *Kingsbury* v. *Wall*, 68 Ill. 311; *Bank* v. *Post*, 55 Ill. App. 369; 2 Kent's Com. 468.

There being no provision in the contract between the parties that the same was for the benefit of the Critchfields and their associates or their assigns, the assigns, therefore, cannot recover on said contract in case there is a breach of the same. *Hillman* v. *Shanahan*, 4 Ore. 163; *Moffett* v. *Coffin*, 3 id. 426.

J. B. LANGWORTHY, F. W. BENTLEY, W. S. OPPENHEIM, and LEROY D. THOMAN, for appellees:

The question as to the assignment or assignability of these contracts does not arise. The circumstance that the action is brought by appellees for the use of the Mexican Asphalt Paving Company does not concern appellant. *Atkins* v. *Moore*, 82 Ill. 240; *Buckmaster* v. *Beames*, 4 Gilm. 443; *Schott* v. *Youree*, 142 Ill. 233.

Even though a contract be not assignable at law, a party thereto may assign his interest therein, so as to vest in the assignee the equitable ownership of the assignor's interest. In such a case the assignee may sue in the name of the assignor, and may assert any cause of action which had arisen on the contract at the time of the assignment or which arose thereon subsequent to the assignment. *Chapman* v. *Shattuck*, 3 Gilm. 49; *Savage* v.

*Gregg,* 150 Ill. 161; *Morris* v. *Cheney,* 51 id. 451; *Haskell* v. *Blair,* 3 Cush. 534; *Carr* v. *Waugh,* 28 Ill. 418; 3 Pomeroy's Eq. Jur. sec. 1275; *Devlin* v. *Mayor,* 63 N. Y. 8; *Ridgeway* v. *Underwood,* 67 Ill. 419; *Field* v. *Mayor,* 2 Seld. 179; 2 Am. & Eng. Ency. of Law, (2d ed.) p. 1017; *Ullman* v. *Klein,* 87 Ill. 268; *Knight* v. *Railroad Co.* 141 id. 110; *Brassel* v. *Troxel,* 68 Ill. App. 131; *Express Co.* v. *Haggard,* 37 Ill. 465; *Mason* v. *Chicago Title and Trust Co.* 77 Ill. App. 19; *Hedge* v. *Low,* 47 Iowa, 137; *Steingrebe* v. *Glass Co.* 83 Ill. App. 587; *Guerand* v. *Dandelet,* 32 Md. 561; *Gompers* v. *Rochester,* 56 Pa. St. 194; *Swanson* v. *Kirby,* 26 S. E. Rep. 71; *Francisco* v. *Smith,* 38 N. E. Rep. 980; *Up-River Ice Co.* v. *Denler,* 72 N. W. Rep. 157; *Horst* v. *Roehm,* 84 Fed. Rep. 565.

Mr. JUSTICE RICKS delivered the opinion of the court:

At the close of the plaintiffs' evidence, and again at the close of all the evidence, the defendant requested the court to hold, as a proposition of law, that the evidence adduced on the hearing of the cause was not sufficient, in law, to entitle the plaintiffs to recover and that the issues should be for the defendant, which proposition was refused by the court; and after all the evidence was introduced, appellant submitted and requested the court to hold as law eighteen other propositions, all of which, except the third, were refused.  To the action of the court in refusing these propositions appellant excepted, and the rulings of the court thereon are assigned as error.  Many of these propositions relate to the application of the rules of law based upon appellant's theory of the construction of the contracts and the terms of the temporary settlement, and, so far as practicable, all will be considered together.  Each contention of the appellant hereinafter referred to and discussed was based upon one or more of the propositions above mentioned, offered or asked by appellant and refused by the court, and in disposing of such contentions as made by the argument of appellant we thereby dispose of the questions

arising upon the refusal of the court to hold the propositions asked.

It is contended by appellant, and the court was requested to hold, that the temporary settlement of December 18, 1895, absolved it from doing further work upon the concrete base, except the re-placing or making good any defects in the workmanship or material. We cannot agree with this contention. Its contract of September 17 provided that the material to be furnished and the labor to be performed by appellant was to be according to the contract between appellees and the city of Chicago, and this latter contract provided, "if any rejected or inferior material shall be found in the street or any portion of the work be improperly done, such work and material shall be removed and re-placed by proper work and material at the expense of the contractor," and under the contract of December 18 it was clearly the intention of the parties, as expressed therein, that appellant should make such "alterations or repairs or perform such other or additional work as may be required by the said city authorities," or if any other work would have to be performed on it, to make it comply with the requirements of the city authorities. It is clear that the parties understood that the work to be done by appellant was to be acceptable to the city of Chicago and that appellant's liability continued until that work was so accepted, and when the city authorities required that the concrete base be taken up and re-laid, and appellant refused so to do, it was liable to appellees for the breach of its contract.

It is also objected that appellees, being upon the ground as the work progressed, and making no objection either as to workmanship or materials and paying for the same as the work progressed, cannot now recover for any alleged breach in that respect. The original contract between appellees and the city provided: "The right of final acceptance or condemnation of the work

will not be waived at any time during its progress,"—
and this provision was incorporated in the contract be-
tween appellant and appellees. Such being the express
terms of the contract between the parties, we cannot
hold, as a matter of law, that the acts of appellees con-
stituted an acceptance of the work.

It is next objected that the contract sued on was not
assignable so that appellees might bring action there-
on for the use of the Mexican Asphalt Paving Company.
It has been well settled that even though a contract is
not assignable at law, a party thereto may assign his
interest therein so as to vest in the assignee the equita-
ble ownership of the assignor's interest and the assignee
may sue thereon in the name of the assignor. *Schott* v.
*Youree*, 142 Ill. 233; *Atkins* v. *Moore*, 82 id. 240; *American
Express Co.* v. *Haggard*, 37 id. 465; *Carr* v. *Waugh*, 28 id. 418.

It is next contended by appellant that the court erred
in denying its motion for a jury trial. We regard this
contention, under the circumstances, as without merit.
There was an order entered by stipulation that the trial
should be before the court without a jury, and the mo-
tion to set aside this order and grant a trial by jury was
made after the evidence had all been heard, and after
appellant had stated that it did not wish to introduce
any further evidence.

It is also insisted by appellant, that even though the
contract provided that it was necessary for it to perform
the work satisfactorily to the commissioner of public
works, the commissioner of public works had no right,
in law, to exercise any such arbitrary power, and that
the appellees permitting him to tear up the work laid,
without protest in the courts, by injunction or other pro-
ceeding, cannot now charge the appellant with the fail-
ure to properly perform the work. By the terms of the
contract between appellant and appellees the commis-
sioner of public works was to decide all questions as
to the proper performance of the work, and there could

be no acceptance of the work until the whole work was completed. This determination of the commissioner was binding upon appellant, and could only be avoided by showing that the commissioner was acting unreasonably, arbitrarily or fraudulently, and the *onus* of showing such facts was upon appellant. This appellant failed to do, but, on the contrary, it appears from the evidence that the concrete base constructed by appellant was full of soft spots, the material in which could be shoveled up with a shovel or kicked up by the foot, and the record presents no question as to any unauthorized or arbitrary action on the part of the commissioner of public works, and the contention that appellees should, by injunction or other proceeding, have resisted the demand of the commissioner of public works is without force.

It is contended that the court below allowed plaintiffs to submit evidence that touched work other than that which plaintiffs made claim for, but we are of the opinion that the bills of particulars filed and the fourth count of plaintiffs' declaration warranted the testimony that was received, and there was no variance between the allegations and the proof.

It is assigned as cross-error by appellees that the court refused to allow interest upon the amount of the damages to which they were found to be entitled. We think the trial court properly refused to allow interest. The amount of damages resulting to appellees from appellant's breach of its contract is not so certain and definite that interest should be allowed thereon. *Harvey* v. *Hamilton*, 155 Ill. 377; 16 Am. & Eng. Ency. of Law, (2d ed.) 1014.

Finding no reversible error the judgment will be affirmed.                    *Judgment affirmed.*