**U.S. HOME CORPORATION, Plaintiff,**

v.

**GEORGE W. KENNEDY CONSTRUCTION COMPANY, Defendant.**

No. 82 C 7775.

United States District Court,
N.D. Illinois, E.D.

May 28, 1985.

Michael A. Braun, Craig P. Ehrlich, Braun & Rivkin, Ltd., Chicago, Ill., for plaintiff.

Arthur DeBofsky, Mark D. DeBofsky, DeBofsky & DeBofsky, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

U.S. Home Corporation ("U.S. Home") has moved under Fed.R.Civ.P. ("Rule") 12(f) to strike the three affirmative defenses added by the Amendment to Answer (the "Amendment") filed by George W. Kennedy Construction Company, Inc. ("Kennedy"). For the reasons stated in this memorandum opinion and order, U.S. Home's motion is granted as to two of those defenses and denied as to the third.[1]

### Facts

Given the narrow scope of the current motion, only a skeletal outline of the relevant facts and a summary of the three defenses are called for. This outline and summary are drawn from the pleadings (U.S. Home's Complaint and the Amendment), of course with no implication of any findings either way.

Real estate developer U.S. Home suffered more than $450,000 in damages when the sanitary sewer installation for its major single family residence development in Lindenhurst, Illinois proved defective and actually collapsed in part. Kennedy had installed the system under contract from U.S. Home.

U.S. Home sues Kennedy on four theories:

1. for breach of contract (including Kennedy's nonconformity to the plans and specifications prepared by codefendant Mackie Consultants, Inc. ["Mackie"] ) (Complaint Count I);

2. for breach of warranty of workmanship (Complaint Count II);

3. for negligence (including Kennedy's (a) nonconformity to Mackie's plans and specifications and (b) faulty workmanship) (Complaint Count III); and

4. for another, much smaller and separate breach of contract claim (Complaint Count IV).

Kennedy's Amendment responds with three affirmative defenses:

1. *Estoppel.* Because U.S. Home inspected and accepted Kennedy's work at all stages of construction and Kennedy reasonably relied on those acceptances, U.S. Home is now estopped from claiming a breach of contract or warranty by Kennedy.

2. *Impossibility.* Kennedy was bound to and did construct the sewers in conformity with Mackie's plans, which U.S. Home had accepted. But those plans were so defective as to make it impossible for a sewer system conforming to them to function properly. Any breach of contract or warranty is therefore excused for impossibility.

3. *Comparative fault.* U.S. Home contributed to any defects in the sewer system by (a) providing faulty plans and specifications and (b) failing properly to supervise Kennedy's work to ensure compliance with the plans.

### Rule 12(f) Standards

*United States v. 418.81 Acres of Land,* 514 F.2d 627, 630–31 (7th Cir.1975) cast the criteria for Rule 12(f) motions in terms strikingly similar to those under Rule 12(b)(6). For Rule 12(f) purposes well-

---

**1.** It should be said at the outset that neither side's submissions were particularly helpful in resolving the problems posed by the motion. Their presentations were fuzzy and beside the mark in a number of respects, apparently the result of counsel's having failed to conceptualize and think through what was really at issue. Fortunately this Court's law clerk, Robert Jones, Jr., Esq., brought some order out of chaos in preparing a draft, which this Court then reshaped into the present opinion.

pleaded factual allegations in an affirmative defense are accepted as true, and the defense cannot be stricken if it presents a substantial question of law or fact or if there is any possibility the defense could succeed after a full hearing on the merits (*id.*). Even under that lenient standard, Kennedy's estoppel and impossibility defenses must be stricken.

### Estoppel

U.S. Home's Memorandum asserts several grounds for striking the estoppel defense. Because one of them clearly has merit, the others need not be discussed.[2]

U.S. Home urges Kennedy expressly waived its right to raise the estoppel defense via its contract with U.S. Home. In relevant part Paragraph 27B of that contract reads:

> [U.S. Home] shall not be precluded or estopped by ... acceptance of the work and payment therefor ... for [sic] recovering from [Kennedy] ... such damage as it may sustain by reason of [Kennedy's] failure to comply with the terms of the contract. Neither the acceptance by [U.S. Home] or its representative, nor any payment for or acceptance of the whole or any part of the work ... shall operate as a waiver of any portion of the contract ... or of any right to damages herein provided.

■ That language admits of only one meaning: It is an unequivocal agreement

U.S. Home's acceptance of the sewer work would not bar U.S. Home from claiming faulty workmanship and recovering damages. Having so agreed, Kennedy must be held to its bargain. *Brownell Improvement Co. v. Critchfield*, 197 Ill. 61, 69–70, 64 N.E. 332, 334 (1902); *Ramonas v. Kerelis*, 102 Ill.App.2d 262, 270–71, 243 N.E.2d 711, 715 (1st Dist.1968).[3]

### Impossibility

■ U.S. Home argues with considerable force that Kennedy's impossibility defense is insufficient as a matter of law.[4] This Court need not decide that issue, however, because in any event that defense seeks to controvert (or misses the whole point of) the Complaint. By definition an affirmative defense conforms to what, in the days of common-law pleading, was termed "a plea in confession and avoidance": one that *admits* the truth of the complaint's allegations but states new matter that exculpates the defendant. See Rule 8(c); *Instituto Nacional de Comercializacion Agricola v. Continental Illinois National Bank and Trust Company of Chicago*, 576 F.Supp. 985, 988 (N.D.Ill.1983).

Here U.S. Home has not sought to make Kennedy a guarantor of the proper functioning of the sewer system. Rather the Complaint charges Kennedy only with (1) faulty workmanship and (2) failure to conform its work to U.S. Home's plans.

---

**2.** In fact this Court has analyzed each of the other grounds advanced in the memorandum (and still another ground, Kennedy's claimed lack of change of position, stated in U.S. Home's motion but not argued in its memorandum). Each of U.S. Home's contentions is flawed in a different way, but because the estoppel defense cannot survive anyway for the reason stated in the text, there is no point in protracting the discussion to deal with any of the other grounds.

**3.** In any event, Kennedy would be hard pressed, in light of the quoted contract provision, to establish its claimed reliance on U.S. Home's acceptance of the work. See *Wilson v. Illinois Benedictine College*, 112 Ill.App.3d 932, 939, 68 Ill.Dec. 257, 264, 445 N.E.2d 901, 908 (2d Dist. 1983).

**4.** Impossibility is normally invoked as a defense only when an unanticipated event occurring *after* execution of a contract renders one party's performance either impossible or vastly more difficult than the parties had initially contemplated. *Joseph W. O'Brien Co. v. Highland Lake Construction Co.*, 17 Ill.App.3d 237, 240–41, 307 N.E.2d 761, 764–65 (1st Dist.1974); *Restatement (Second) of Contracts 2d* § 261 (1981). No such later event occurred here. Kennedy had every opportunity *before* executing its contract with U.S. Home to examine the plans and to determine their soundness. Its failure to do so or to provide for the contingency the plans would be faulty cannot relieve Kennedy of the burden of its bargain. *Joseph W. O'Brien*, 17 Ill.App.3d at 241–42, 307 N.E.2d at 765.

■ Kennedy's purported affirmative defense does not contend the defective plans rendered impossible its performance of those two obligations. On the contrary, Kennedy's position at every turn has been that its construction was both workmanlike and in strict compliance with the plans. Its contention that the system could not possibly have functioned properly *in spite of* Kennedy's performance of its obligations is simply not an affirmative defense to U.S. Home's claims as stated in the Complaint.[5]

### Comparative Fault

Kennedy's comparative fault defense charges U.S. Home (1) provided faulty plans and (2) failed to supervise the construction work. U.S. Home states two baseless objections in support of its motion to strike.

First U.S. Home argues—without citation of authority—Kennedy's failure-of-supervision defense must be stricken for its failure to allege U.S. Home was aware of Kennedy's defective performance. U.S. Home apparently believes it cannot be held liable for a failure to direct Kennedy to repair Kennedy's mistakes unless U.S. Home actually knew of those mistakes.

■ That position defies common sense. If U.S. Home were—as Kennedy alleges—under a duty to "oversee or supervise" Kennedy's work, then U.S. Home had an obligation to inspect and investigate that work to ensure it was performed properly.[6] U.S. Home's ignorance of defects may therefore be a result of its negligence in supervision. Under that scenario U.S.

Home's ignorance—far from exonerating it—becomes a cornerstone of its liability.

U.S. Home's second attack on the supervision defense—as groundless as the first—is that U.S. Home had no power to supervise Kennedy because Kennedy was an independent contractor. U.S. Home argues Kennedy's independent status derives from Article 11 of the U.S. Home-Kennedy contract:

The status of [Kennedy] is that of independent contractor and an employing unit subject as an employer to all applicable unemployment compensation statutes so as to relieve [U.S. Home] from any and [sic] responsibilities thereunder toward employees of [Kennedy].

But that provision is obviously aimed toward rebutting any possible argument people on Kennedy's payroll are employees of U.S. Home for unemployment compensation purposes. It does not by any stretch convey a general independent contractor status on Kennedy in all respects and for all purposes. Indeed, Kennedy's independent contractor status (if it were to exist) is not mutually · exclusive of a supervisory right and duty on U.S. Home's part.[7] Discernment of such status and its legal consequences are also matters best left for another day.

### Conclusion

Kennedy's First and Second Additional Defenses are insufficient as a matter· of law and are stricken from the Amendment.

---

**5.** Kennedy's contention, if proved, might perhaps affect the *amount* of its liability. Conversely, in a true joint and several liability situation Mackie's fault would not reduce Kennedy's liability to U.S. Home (as distinct from possible rights of contribution among the tortfeasors). But those hypothetical possibilities need not be resolved for present purposes.

**6.** Again another issue lurks in U.S. Home's amorphous presentation. It appears to take the position it had no duty to Kennedy in part because Mackie had the responsibility to supervise. But the existence of such a right-duty pairing as between U.S. Home and Mackie, created by contract between them, does not neces-

sarily negate the existence of a similar pairing when the U.S. Home-Kennedy relationship is the focus of attention. Once more, in the absence of a reasoned exchange between the parties on the subject, this Court is not now called on to explore the matter to its ultimate conclusion.

**7.** Here too U.S. Home tenders an argument without having made any effort to think it through. As n. 6 reflects, U.S. Home contends *Mackie* had supervisory duty and power over Kennedy. Yet Kennedy is obviously just as much an "independent contractor" vis-a-vis Mackie as it is vis-a-vis U.S. Home.

Kennedy's Third Additional Defense remains intact.