## CHARLES N. MORGAN vs. THE RANDOLPH AND CLOWES COMPANY.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Although the rule is otherwise in many jurisdictions, it is now well settled in this State that the promisee alone can maintain an action at law against the promisor for a breach of contract. The fact that a third person is or may be indirectly benefited by the performance of the undertaking does not give him a right of action; he still remains a stranger to the agreement.

Argued October 25th—decided December 18th, 1900.

ACTION to recover for services rendered as an attorney at law, brought to the Court of Common Pleas in New Haven County and tried to the court, *Hubbard, J.*, upon a demurrer to the complaint; the court sustained the demurrer and rendered judgment for the defendant, and the plaintiff appealed for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Edward H. Rogers*, for the appellant (plaintiff).

*Lucien F. Burpee*, for the appellee (defendant).

TORRANCE, J. The material allegations of the complaint may be thus stated: At the time the copartnership of Randolph and Clowes was dissolved by the death of Mr. Randolph, it owned property real and personal, owed debts to the plaintiff and others, and was actively carrying on business. Soon after the dissolution, the surviving partner and the administrator of Randolph caused the defendant corporation to be organized, for the purpose of taking to itself the copartnership property and carrying on the business theretofore carried on by the copartnership. Soon after the corporation was organized the surviving partner and the administrator agreed with it to sell and transfer to it all the property, real

and personal, of the copartnership, to enable it to carry on said business, and this agreement was carried out. In consideration of said sale and transfer, the defendant promised and agreed to and with the surviving partner and the administrator, among other things, (1) that it would assume all the debts of said copartnership then unpaid and outstanding, and that it would pay the same and save the estate of Randolph, and his administrator, and the surviving partner, harmless therefrom; (2) that it would issue certain shares of its stock to said administrator and to said surviving partner, and would execute a mortgage of all its corporate property to obtain a loan of money to pay all the unpaid liabilities of the copartnership. Subsequently said stock was issued as agreed, and the defendant, by a mortgage of its property, obtained a loan of money more than sufficient to enable it to pay the liabilities of the copartnership which it had assumed and agreed to pay. The debt sued for in this action was one of the copartnership debts due and unpaid when the defendant assumed and agreed to pay the liabilities of the copartnership as aforesaid, and is still due and unpaid. The complaint asked for legal relief only.

The defendant demurred to the complaint on the ground that it appeared therefrom that the plaintiff was not a party to the contract sued upon, and acquired therefrom no right to maintain this action against the defendant.

The question in this case is whether, upon the facts stated in the complaint, the plaintiff can maintain an action at law against the defendant for its refusal to pay his debt. It is probably true that in many, perhaps in most, of the State courts, he could do so; but whatever the law in relation to this matter may be elsewhere, it must now be regarded as the settled general rule in this State, that where A simply agrees with B, upon a valid consideration, to assume and pay B's debts and save B harmless therefrom, C, a creditor of B, cannot maintain an action at law against A for his refusal to pay the debt due from B to C. *Treat* v. *Stanton*, 14 Conn. 445; *Clapp* v. *Lawton*, 31 id. 95; *Meech* v. *Ensign*, 49 id. 191;

*Baxter* v. *Camp*, 71 id. 245 ; *Lamkin* v. *Baldwin & Lamkin Mfg. Co.*, 72 id. 57.

This rule is based upon the principle that *A*, in the case supposed, for a breach of his contract obligation, agreed to be answerable to *B* alone, or *B's* assignee, and not to each and all of the creditors of *B*, who were strangers to the contract; and this court has said that " the rule is a salutary one and should not be departed from except for good reasons." *Meech* v. *Ensign, supra,* p. 203. In our own State it has been departed from by express legislation in one instance, namely, where the grantee in a deed conveying real estate subject to a mortgage or lien agrees to assume and pay the incumbrance. General Statutes, § 983.

It is claimed by the plaintiff that independently of legislation there are exceptions, real or seeming, to this general rule, even in jurisdictions where it prevails, and that this case falls within the exceptions or some of them. Some of these so-called exceptions are stated in *Meech* v. *Ensign* and *Baxter* v. *Camp, supra;* but in reference to such cases, and others like them in the books, it has been well said that they can, with at least equal propriety, be deemed illustrations of the rightful application of the general rule itself under exceptional circumstances. *Baxter* v. *Camp, supra,* p. 248.

The case at bar is not within any of the seeming exceptions to the rule. The agreement made between the defendant and the administrator and surviving partner, was made solely for the benefit and advantage of the immediate parties to it, as is apparent from its terms and the transactions between them out of which it sprang. The parties to it had no intention of conferring upon the plaintiff any rights in his favor against the defendant by the contract; nor did the defendant intend by such agreement to assume any legal obligation to the plaintiff to pay his debt. The plaintiff is not seeking to enforce any particular equity which he claims to have in the property of the copartnership which was transferred to the corporation, nor any equity which he claims to have, either personally or through the administrator or surviving partner, against the corporation itself; he is seeking to enforce a legal

obligation pure and simple, and nothing else. He says such obligation to pay him rests upon the defendant by virtue of the fact that it received all the copartnership property, and agreed, in consideration thereof, with some one else, a stranger to the plaintiff, to do certain things which would directly benefit the promisee, and some of which would perhaps incidentally benefit the plaintiff. Upon the facts stated in the complaint we are of opinion that no such obligation rested upon the defendant.

There is no error.

In this opinion the other judges concurred.