FRED B. ATWOOD *vs.* LUCIEN F. BURPEE.

First Judicial District, Hartford, May Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A stranger to a contract cannot maintain an action at law for its breach, although by its performance he would receive a direct benefit.

The defendant promised the widow of *T* to pay over a portion of the money belonging to her which he was about to and did collect, to the plaintiff, who, as a creditor of her husband, had presented a claim against his estate.   The widow made this contract of her own motion and without the plaintiff's knowledge.   *Held* that the plaintiff could not sue the defendant at law for a breach of such contract.

Argued May 3d—decided June 14th, 1904.

ACTION to recover an indebtedness alleged to have accrued to the plaintiff upon a contract to which he was not a party, brought to the Superior Court in Litchfield County and tried upon demurrer to the complaint; the court, *Elmer, J.,* sustained the demurrer and rendered judgment for the defendant, from which the plaintiff appealed.   *No error.*

*Nathaniel R. Bronson,* for the appellant (plaintiff).

*Terrence F. Carmody,* for the appellee (defendant).

HALL, J.   It is alleged in the complaint that Mrs. George Tompkins, since deceased, and her son, George Tompkins, Jr.,

entered into a written contract with the defendant, by the terms of which it was agreed that the defendant should collect certain money due Mrs. Tompkins and her son, upon an insurance policy on the life of George Tompkins, deceased, husband of said Mrs. Tompkins and father of George Tompkins, Jr., and that after having expended a certain portion of the money so collected for certain purposes connected with the settlement of the estate of said George Tompkins, deceased, of which the defendant was executor, the defendant should pay over the remainder to the plaintiff, to whom the deceased George Tompkins was indebted in his lifetime, and who had presented a claim against the estate of said deceased. The complaint further alleges that after expending the sums provided for in said agreement, there remained in the defendant's hands $1,150, which then became due the plaintiff, and which the defendant, though requested, has never paid the plaintiff. Damages of $2,000 are claimed.

The defendant demurred to the complaint, upon the ground that the plaintiff was not a party to the contract sued upon, that he did not acquire therefrom any right of action against the defendant, and that he was not a promisee in the contract sued upon.

The demurrer was properly sustained. This is not an action for the enforcement of an equitable right, but of an alleged legal right in the plaintiff to damages for breach of the defendant's written agreement to apply certain funds to the payment of the plaintiff's claim against the estate of George Tompkins, deceased. The plaintiff was not a party to the agreement in which the defendant promised to so apply said funds. Although the language of the contract is not stated, it appears sufficiently clearly from the averments of the complaint that the defendant's promise was expressed to be to Mrs. Tompkins and her son, and not to the plaintiff. The entire consideration of the defendant's promise moved from Mrs. Tompkins and her son. The money which was to be paid to the plaintiff belonged to Mrs. Tompkins and her son, and the defendant was to collect it as their agent. It does not appear that the relation of principal and agent ex-

Atwood *v.* Burpee.

isted between the plaintiff and Mrs. Tompkins and her son, nor that the plaintiff stood in any such relation of privity with them as to make them merely nominal promisees, nor that the plaintiff either knew or was to be informed of the agreement, nor that the transaction was one which can be regarded as in the nature of a family settlement.

It seems evident from the allegations of the complaint that the parties to the contract could not have intended to give to the plaintiff a right of action upon it against the defendant, but that the obligation assumed by the defendant in his agreement with Mrs. Tompkins and her son was intended to be an obligation to them alone, and one for a breach of which the defendant agreed to be answerable to them only, or to their assignees. The alleged violation of the agreement was, therefore, not an injury to the legal rights of the plaintiff.

The mere fact that one would receive a direct benefit from the performance of a contract, to which he is not a party, does not enable him maintain an action at law upon it; and that this is a rule which " should not be departed from except for good reasons," has been stated by our courts in several cases. The law as stated in *Treat* v. *Stanton*, 14 Conn. 445, 451; *Baxter* v. *Camp*, 71 id. 245, 248; *Morgan* v. *Randolph & Clowes Co.*, 73 id. 396, 398, is decisive of the present action.

There is no error.

In this opinion the other judges concurred.