REGINA BAURER *vs.* PETER M. DEVENIS ET AL.

Third Judicial District, New Haven, January Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A contract intentionally made for the direct and exclusive benefit of a third person not a party thereto, is enforcible by him in an action either at law or in equity as the circumstances may require; and

is also equally available in defense of an action brought against him in violation of its provisions.

Under our Practice Act, the action by the beneficiary, whether in law or in equity, is brought to the same court, which administers both legal and equitable relief and may summon in whatever additional parties may be necessary to protect the interests of all concerned.

In the present case, which was a suit to foreclose a mortgage by its assignee, the defense was that the assignee had agreed with the mortgagee not to demand payment of the mortgage note for one year after its assignment, and that such time had not yet expired. *Held* that inasmuch as such agreement was obviously intended for the benefit of the mortgagor defendant, the trial court erred in sustaining a demurrer to such defense upon the theory that the mortgagor, not being a party to the agreement, could not avail himself of it.

The cases of *Baxter* v. *Camp*, 71 Conn. 245, and *Atwood* v. *Burpee*, 77 Conn. 42, overruled in part.

Argued January 25th—decided June 22d, 1923.

Suit to foreclose a mortgage of real estate and for possession of the premises, brought to the Superior Court in New Haven County where a demurrer to a special defense was sustained (*Haines, J.*) and, the defendants declining to plead over, judgment was rendered (*Brown, J.*) for the plaintiff, and the defendants appealed. *Error, judgment set aside and cause remanded with direction to overrule the demurrer.*

*James M. Lynch,* for the appellants (defendants).

*Philip N. Bernstein,* for the appellee (plaintiff).

Wheeler, C. J. The complaint alleges these facts: The defendant Devenis, on January 27th, 1919, gave to one Anna Bagdan his promissory note for $1,000, and secured the same by a mortgage of even date. Mrs. Bagdan assigned the note and mortgage to William Bagdan on January 15th, 1921, and on December 17th, 1921, he assigned the same to the plaintiff, Regina Baurer. The defendant Devenis failed to pay,

upon demand, the interest due on the note, or the principal, the note being conditioned upon the payment of the principal on demand. The defendant Tarulis claims to have a mortgage bearing date October 29th, 1921, upon the same premises. The defendant Devenis is still the owner and in possession of these premises.

The defendants in their answer admit all the allegations of the complaint except that alleging the default of Devenis, and plead a special defense admitting the making of the note and mortgage to Anna Bagdan by Devenis as alleged in the complaint, and the assignment by her to William Bagdan, and allege that Bagdan assigned the note on December 17th, 1921, to the plaintiff for $800, and that the note and mortgage were reasonably worth at that time $1,000 and accrued interest. The defendants further allege that the assignment of the note and mortgage by Bagdan was "on condition that the assignee do not demand payment of the note from the defendants, or either of them, for a period of one year," and that this was agreed to by the plaintiff through her agent.

The plaintiff demurred to the special defense because it did not appear that any of the defendants were party to the alleged agreement between Bagdan and the plaintiff, and that any breach of the agreement between Bagdan and the plaintiff could not be determined in this action.

The defendants seek to take advantage of a condition in a contract made by the promisor to the promisee and to which they are not parties. Such a contract is called one for the benefit of a third person. Professor Williston, in his work on Contracts, Vol. 1, § 347, alluding to such a contract, says: "A contract in which the promisor engages to the promisee to render some performance to a third person, is gen-

erally called a contract for the benefit of a third person with little regard to whether the purpose of the promisee in entering into the contract was his own benefit or the benefit of the person to whom performance was to be rendered." The condition of the contract of assignment upon which the defendants rely, is the provision by which the promisor, who is the assignee of the mortgage note, agrees that she will not demand payment of this note for a period of one year from the date of assignment, December 17th, 1921. This condition is a part of the contract of assignment and, so far as appears in the allegations, is made for the direct, sole and exclusive benefit of the defendants. The promisee of the contract has no pecuniary interest in the enforcement of this condition. That the condition is only one of several promises contained in the contract and the only one for the benefit of these defendants, does not bar them from its enforcement. 1 Williston on Contracts, § 346. Its character indicates that it was the intention of the promisee to benefit the defendants by giving them a longer time in which to pay the note. The promisor accepted the assignment with this condition a part of it.

Most State courts, as well as the Federal courts, permit the third person to maintain his action against the promisor upon a contract for his benefit, whether the promisee retain a pecuniary interest in the promise to him or not. Connecticut is classed with Massachusetts, Michigan and England, in denying to third parties this right except in certain specified cases. The disposition of the present case requires a re-examination of our law upon this subject, and while serving the purposes of this case, it will also tend to remove some of the erroneous impression which exists concerning the law of our State upon this subject.

The present action is an equitable one, and the

Baurer *v.* Devenis.

special defense based upon the third person's right is as available for the defendants as an action by the plaintiff based upon such a right. Our first inquiry is whether or not such a right exists in equity in this jurisdiction. We confine our examination to the period beginning with the year 1881. In *Meech* v. *Ensign,* 49 Conn. 191, we held that an action could not be maintained by a mortgagee against the purchaser of an equity of redemption who had, as a part of the consideration of his purchase, agreed to pay the mortgage debt. A subsequent statute gave this remedy. The opinion cites several exceptions to the general rule it announced. Among these it says: "There may also be cases in which a third party may have some peculiar equity in the subject-matter of a contract which will enable him to maintain a bill in equity to enforce it." Continuing our citation from cases which are brought by a third party upon a promise made to a promisee not a party to the action, we find in *Baxter* v. *Camp,* 71 Conn. 245, 250, 41 Atl. 803, that the court refers to the possibility of an equitable action in that case, thus leaving the question open as to whether a suit in equity could not have been maintained had the representatives of the promisees been joined in the action. In *Lamkin* v. *Baldwin & Lamkin Mfg. Co.,* 72 Conn. 57, 62, 43 Atl. 593, 1042, the question for decision was whether a creditor of one to whom another had promised to pay this debt, could have his action at law against this promisor. In holding that the action would not lie, the court said the creditor "has only an equitable claim." This can mean nothing other than that the claim of such a creditor can be enforced in equity. When a case of like character was before the court in *Morgan* v. *Randolph & Clowes Co.,* 73 Conn. 396, 398, 47 Atl. 658, the court reached a like conclusion, but was careful to point out that

the action before the court was legal not equitable,
saying: "The plaintiff is not seeking to enforce any
particular equity which he claims to have in the
property of the copartnership which was transferred
to the corporation, nor any equity which he claims to
have, either personally or through the administrator
or surviving partner, against the corporation itself;
he is seeking to enforce a legal obligation pure and
simple, and nothing else." In a similar case, *Barber*
v. *International Co.*, 73 Conn. 587, 595, 48 Atl. 758,
we said: "If an equitable action could be supported,
it would be necessary to make both the defendant [the
promisee] and the English Company parties." In
*Atwood* v. *Burpee*, 77 Conn. 42, 58 Atl. 237, the case
of a single creditor beneficiary was before the court,
and we said: "The demurrer was properly sustained.
This is not an action for the enforcement of an equi-
table right, but of an alleged legal right," etc. In
*Fisk's Appeal*, 81 Conn. 433, 440, 71 Atl. 559, the suit
was by a third person, and the court said: "It is in-
sisted that if any cause of action existed against the
decedent, it was only one in favor of the estate of Mrs.
Fisk. But while the agreement of trust was not made
by the appellants, it was made by their dying mother
for their sole benefit. They, therefore, have an equi-
table right of action by virtue of its terms." In each
one of the cases, which deny to the third person an
action at law, the court has been careful to point out
the equitable remedy which we now hold to be open
to such person. We thus find a remedy in equity
long approved of by our court, under which the third
person has his action against the promisor to a con-
tract by which he engages with the promisee to ren-
der some performance to the third person. Neither
want of privity nor lack of consideration will avail as
a defense to such an action. In the equitable action

in the instant case, the defendants were entitled to have their special defense heard upon its merits, and the demurrer was improperly sustained.

In our cases which concern the right of a third person to maintain an action against a promisor to a contract to which the third person was not a party but in which he had a benefit, we have recognized a number of exceptions to the rule denying a right of action at law to the third person. Some classes of cases are sometimes considered as exceptions to this rule when the action rests upon a basis apart from the contract which forms a part of the transaction. The principal classes of cases to be distinguished are those which furnish a property action simultaneously with the making of the contract, cases where the action involves the relation of principal and agent rather than contract relation, and cases of novation. Among actions classed as property actions, should be included those where property is delivered to one together with the legal title, but he undertakes to deliver the property or the proceeds to a third person, or to use it for his benefit, and the relation of trustee and *cestui que trust* arises. Williston on Contracts, Vol. 1, § 348, points out that while the remedy of the third party is in assumpsit, the right of action is not based on principles of contract, but on rights of property. And in § 349 he points out that the distinction between property and contract rights and those of revocable agency, are resolved by ascertaining the intention of the principal in the transaction: "If his expressed intention, read in connection with all the circumstances of the case, indicates that the delivery was to be a finality, that the money or property was to be from that moment dedicated to the third person, the law will give effect to the intention and give the latter a property right from that time." In *Baxter* v. *Camp*, 71

Conn. 245, 248, 41 Atl. 803, we specify four exceptions to the rule denying a right of action to a third party upon a contract made for his benefit: 1. Where the promise is part of a marriage or family settlement. 2. Where the promise is "made to one man for the direct, sole, and exclusive benefit of another." 3. Where the promisee is acting as agent of the third party. 4. Where the transaction is a bailment in trust for a third party, with an expressed or implied assumption of a specific duty toward him which cannot be brought under the law of principal and agent. We have already stated that we regard this latter exception as more properly falling under a property action than as furnishing an exception to the rule denying a right of action to a third person. In *Atwood* v. *Burpee*, 77 Conn. 42, 44, 58 Atl. 237, the court states that the plaintiff did not stand in any such relation of privity to Mrs. Tompkins and her son "as to make them merely nominal promisees." This we understand to be another way of stating the case under the second exception above, where the promise is for "the direct, sole, and exclusive benefit of another." In such a case the promisee ceases to have any pecuniary interest in the performance of the promise of the promisor, the entire benefit of which is in the third person. In *Meech* v. *Ensign*, 49 Conn. 191, the court named as an exception to this rule, the case in which the contract has for its object a benefit to a third person and is made with that intent. This exception would certainly cover the case of the direct, sole, and exclusive benefit. We likewise recognize the right of a beneficiary of a life insurance policy to maintain an action upon the policy of insurance to which he was not a party, and upon which he has paid no premiums. *Neary* v. *Metropolitan Life Ins. Co.*, 92 Conn. 488, 103 Atl. 661. The promise of the insurance company to the beneficiary

is for his "direct, sole, and exclusive benefit," and the promisee has thereafter no pecuniary interest in the policy. Likewise we recognize the interest of the beneficiary of a fraternal-society policy after the decease of the member taking out the insurance. *Estes* v. *Local Union No. 43*, 90 Conn. 426, 97 Atl. 326; *Supreme Colony* v. *Towne*, 87 Conn. 644, 89 Atl. 264. We agree with Professor Corbin (31 Yale Law Journal, 492), that there is no case in our reports which holds, as a proposition of our law, that a third person cannot enforce, in a legal action upon the contract, the promise of the promisor to the promisee of a performance to a third person having the direct, sole and exclusive benefit of the promise.

*Baxter* v. *Camp*, 71 Conn. 245, 250, 41 Atl. 803, failed to properly apply this exception to its facts. The promise made to the promisee was to pay the promisee's son $800 after her decease, if living, if not to her heirs. The promisee delivered the paper evidencing the promise to the son. We held: "Such an instrument cannot be regarded as executed for the direct, sole and exclusive benefit of the plaintiff" (the third person). We think this was a failure to make a proper application of the exception which the case recognized. The promisee ceased to have any pecuniary interest in the promise. If the son lived he was the only beneficiary. He knew of the instrument, for it was assigned to him by the promisee, and he outlived the promisee. The instrument was thus for the direct, sole and exclusive benefit of the son. We conclude that the principle involved in this exception has never been overruled by our court.

In the instant case, Bagdan assigned the mortgage and note to the plaintiff upon the express condition that she would not demand payment of the note for one year. The performance of this condition was for the direct, sole, and exclusive benefit of the defendant,

the mortgagor; the promisee, the mortgagee, had no pecuniary interest in the performance of this condition. The promisor, the assignee of the mortgage, agreed to the condition. These facts as alleged bring the case within this exception, and would give the defendant a right of action either at law or equity.

A further exception is stated, in *Meech* v. *Ensign,* 49 Conn. 191, 210, to be one in which the contract has for its object a benefit to a third party and is made with that intent. In *Morgan* v. *Randolph & Clowes Co.,* 73 Conn. 396, 398, 47 Atl. 658, another exception is implied in the statement that " the parties to it had no intention of conferring upon the plaintiff any rights in his favor against the defendant by the contract; nor did the defendant intend by such agreement to assume any legal obligation to the plaintiff to pay his debt." Another exception, implied in *Atwood* v. *Burpee, supra,* is one in which, under the contract, the creditor was to be informed of, or knew of, the agreement of the promisor to pay to him the debt of the promisee. These last two citations are but another way of stating the exception of *Meech* v. *Ensign, supra,* that the contract must have for its object a benefit to a third person and be made with the intent to so benefit him. If the parties to the contract did intend to confer upon the third person a right against the promisor, or the promisor intended by such agreement to assume a legal obligation to the third person, these would be indicative of the intent of the parties to benefit the third person. Where the third person knew of the agreement of the promisor, or under the contract he was to be informed of it, it must be found that the parties to the contract did intend to benefit him.

There is no conflict in the decisions upon this point. *Meech* v. *Ensign, supra,* agrees with *Atwood* v. *Burpee,* 77 Conn. 42, 44, 58 Atl. 237, in its statement: "The

mere fact that one would receive a direct benefit from the performance of a contract, to which he is not a party, does not enable him to maintain an action at law upon it." There must, in addition to the benefit to the third person, be the intention of the parties to so benefit him. This intention may be shown in divers ways, some of which appear in the cases we have already referred to. When both appear, and the promisor can no longer recall his agreement for the benefit of the third person, the latter can maintain his action at law for the breach by the promisor of his contract with the promisee. In *Atwood* v. *Burpee,* the direct benefit to the third person appeared, for the promisor had in his possession moneys belonging to the promisee which he and the promisee had agreed should be paid over to the third person. It would seem to be immaterial whether the third person knew or was informed of the contract for his benefit; it was enough that he knew of it when he began his action, and therefore the promisor could not recall it. In this respect we are not in accord with this portion of that opinion. If the promisee had control of this fund in the promisor's hands until the third person had assented to the contract, she certainly had no control of it after the third person began his action, for this was con-clusive evidence of his assent. When the promisor collected the proceeds of the policy, he had in his hands moneys which he had agreed should be paid to a third person, the plaintiff. The relation created between the promisor upon obtaining this possession, and the third party, was that of debtor to creditor.

Professor Corbin, in his article in the Yale Law Journal, Vol. 27, p. 1009, says: "In nearly all of the American jurisdictions, including those that deny a right of action to most third-person beneficiaries, there is one sort of beneficiary who is given a right of action.

'Where, under a contract between two persons, assets have come to the promisor's hands or under his control which in equity belong to a third person,' the beneficiary can maintain an action at law in his own name. These cases essentially recognize that a beneficiary can acquire a legal right without privity and without giving consideration. In some such cases a true equitable trust may exist with respect to some specific *res*. In most such cases, however, this is not so. If there is a trust and a specific *res*, the duty of the promisor should be held to be merely the duty to account. The fact is that the duty enforced against the promisor is that of a *debtor*." This we think to be a fair statement and analysis of the law as generally held in this country. Upon both grounds the third person's action at law should have been sustained. And in *Meech* v. *Ensign*, 49 Conn. 191, at p. 205, we approved this rule of law in the exception to the general rule, viz: that where money or other property is in the hands of a promisor under an agreement with the promisee to pay the same to a third person, he can maintain an action at law against the promisor. We say that this is an exception in appearance only, for the action is based not on the express promise of the promisor to the promisee, but on an implied promise by the promisor to the third person. We have never in terms disapproved this holding, although we failed in *Atwood* v. *Burpee* to recognize its applicability. In *Olmstead* v. *Brush*, 27 Conn. 530, we held that where a devise given on condition that the devisee pay a sum to a third person beneficiary is accepted by the devisee, the beneficiary may maintain assumpsit against him. This action, we think, could be supported either upon the trust relation or the property-right relation, and is not to be treated as an exception to the contract principle.

Cases in which a corporation or a partnership has

Baurer *v.* Devenis.

-assumed the debts of an individual, of a partnership, or a corporation, do not give the creditor whose debt has been assumed an action at law. The parties are numerous, and priority ought not to be accorded to any of these creditors. They should all be treated alike. That can be best done in a court of equity with its more elastic procedure. For this reason we regard the rule applied in *Morgan* v. *Randolph & Clowes Co.*, 73 Conn. 396, 47 Atl. 658; *Lamkin* v. *Baldwin & Lamkin Mfg. Co.*, 72 Conn. 57, 62, 43 Atl. 593, 1042; and *Barber* v. *International Co.*, 73 Conn. 587, 595, 48 Atl. 758, as sound, and as furnishing the remedy best adapted to such a situation.

An action by a third person will be sustained in law where he is the sole beneficiary. Where he is one of a number of creditors of the promisee, and the promisor has agreed with the promisee to pay, the action cannot be maintained at law but can be in equity. Where he is a single creditor of the promisee and the promisor has agreed with the promisee to pay this creditor, the action at law may be maintained provided there be present not only the benefit to the third person, but also the intent of the parties to the contract that he should be benefited by the contract. Lack of privity, or of consideration, will not prevent the action at law under these circumstances. These exceptions to the general rule that a third party cannot maintain an action at law upon an engagement of performance by a promisor to a promisee for the benefit of a third person, practically include the several classes of actions by a creditor beneficiary. To all such, a want of privity with, and of consideration from, the third person, will not avail as a defense to his action. Nor can the injustice of possibly permitting two actions against a promisor be allowed the consideration heretofore given it. It was optional with the promisor whether he should engage in this performance for the third person.

Having voluntarily so agreed, it is no hardship to require him to fulfil his agreement. The opportunity is his to avoid not only two actions, but any action, by carrying out his agreement.

Under our law "all courts . . . may . . . administer legal and equitable rights and apply legal and equitable remedies;" and equitable principles prevail over legal. General Statutes, § 5554; *Pierce* v. *Staub*, 78 Conn. 459, 466, 62 Atl. 760; *Baldwin* v. *Wolff*, 82 Conn. 559, 562, 74 Atl. 948. Our Practice Act disregards the technical formalities of common-law pleading and follows, in the main, the practice in equity. *Botsford* v. *Wallace*, 72 Conn. 195, 199, 44 Atl. 10; *Ludington* v. *Merrill*, 81 Conn. 400, 402, 71 Atl. 504. Complaints may include both legal and equitable rights and causes of action, and demand both legal and equitable remedies; § 5636. While under our rules additional parties may be summoned in (§ 5645) and the prayer for relief amended from legal to equitable relief and *vice versa* (§ 5672), under such a practice the rules of law should so far as possible apply alike in proceedings for equitable or legal relief. Unless there be numerous parties or conflicting interests, we can see no sound reason why a third person to a contract made for, and intended by the parties for, his benefit, should not maintain his action, whether the relief demanded is legal or equitable. In beneficiary cases where the parties to the action are three, the promisee, the promisor and the third person, our procedure is such that the interests of all can be protected as well in one court as the other.

There is error, the judgment is set aside and the case remanded with direction to the Superior Court to overrule the demurrer to the special defense.

In this opinion the other judges concurred.