## PENNSYLVANIA CEMENT CO. v. BRADLEY CONTRACTING CO.

(Circuit Court of Appeals, Second Circuit. May 18, 1925.)

No. 211.

1. **Indemnity** ⬉15(2)—**Abutting owner, damaged by excavation by subway contractor, could sue on contract between contractor and city.**

Under contract between subway contractor and city, by which he agreed to make good any damage done to abutting foundations and adjacent buildings, and to indemnify city on all claims for damages, whether caused by his negligence or not, abutting owner, whose property was damaged by excavation, *held* entitled to sue on contract.

2. **Contracts** ⬉147(3)—**Intention is to be ascertained from examining the whole contract.**

In ascertaining meaning of a contract, intention is to be ascertained from examining whole contract, and not detached portions of it.

3. **Municipal corporations** ⬉358(1)—**Claim of abutting owner, damaged by excavation, held properly denied, where not submitted to city engineer.**

Under contract between subway contractor and city, by which he agreed to make good any damage done to abutting foundations and adjacent buildings, and providing that every question as to contract fulfillment by contractor should be determined by city engineer, claim of abutting owner, whose property was damaged by excavation, *held* properly denied, where it is

not shown ever to have been submitted to engineer, notwithstanding provision in contract that city was not precluded by any certificate made by engineer from recovering from contractor such damages as it might sustain by reason of his failure to comply therewith.

### 4. Contracts ⊕188—Rights of property owner on contract to which he is not a party are subject to conditions which contract imposes.

Where property owner bases his cause of action on a contract to which he is not a party, his rights thereunder are subject to terms and conditions which contract imposes.

Appeal from the District Court of the United States for the Southern District of New York.

Action by the Pennsylvania Cement Company against the Bradley Contracting Company, in which Paul Bolger filed claim. From an order disallowing the claim, claimant appeals. Order affirmed.

The Bradley Contracting Company, a New York corporation, entered into a contract with the city of New York, acting through the New York Public Service Commission for the First Department, for the construction of the Lexington avenue subway line. The contract was dated July 21, 1911. The Bradley Company was engaged in the performance of this work under its contract between July, 1912, and May, 1917, and it carried on its work under the direction of the chief engineer of the Public Service Commission. This work was carried on upon property in front of and adjacent to that owned by Paul S. Bolger, claimant herein. As a result of that work Bolger's property suffered certain damages, which aggregated in amount the sum of $3,000.

Receivers having been appointed for the Bradley Company, an order was entered in the District Court in November, 1918, which directed all parties claiming to be creditors of that company to file with the receivers, on or before a day specified, proofs of their claims. It contained the customary provision that any creditor or claimant who failed to submit proof of claim on or before the date specified should not thereafter be permitted to assert any claim against the assets of the Bradley Company in the hands of the receivers, or share in any distribution thereof. It also enjoined any creditor or claimant from bringing suit against the Bradley Company without obtaining the permission of the court.

Paul S. Bolger filed his claim with the receivers, and it was referred to a special master. The latter filed his report on December 29, 1923, disallowing the claim. Exceptions to this report were duly taken on January 31, 1924. The District Court, after hearing the matter, entered an order on March 28, 1924, which overruled the exceptions and disallowed and expunged the claim, and that order has been brought to this court by an appeal.

Paul Englander, of New York City, for appellant.

Leo Oppenheimer, of New York City (Samuel H. Kaufman and Theodore Miller, both of New York City, of counsel), for respondent.

Before ROGERS, MANTON, and HAND, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). The question presented in this proceeding is as to the claimant's right to have his claim, as filed, paid out of the assets of the Bradley Company in the hands of its receivers. We must determine whether the order entered in the court below, disallowing and dismissing the claim, was erroneous. The claim as filed stated no cause of action in tort, but was based solely upon the contract between the city of New York and the Bradley Company. The essential part of Bolger's statement of claim may be found in the margin.[1]

---

[1] "Upon information and belief the claimant alleges that in and by the said contract as aforesaid it was expressly provided as follows:

"'Article 38. The contractor expressly admits and covenants to and with the city that the plans and specifications and other provisions of this contract, if the work be done without fault or negligence on the part of the contractors, do not involve any danger to the foundations, walls or other parts of adjacent buildings or structures or to navigation; and the contractor will at his own expense make good any damage that shall, in the course of construction, be done to any such foundations, walls, or other parts of adjacent buildings or structures or to navigation. The liability of the contractor under this covenant is absolute, and is not dependent upon any question of negligence on his part, or on the part of his agents, servants, or employees, and the neglect of the engineer to direct the contractor to take any particular precautions, or to refrain from doing any particular thing, shall not excuse the contractor in case of any such damage. Where the work is required to be done by tunneling, the same admission and covenant shall also apply to the foundations, walls, or other parts of buildings, and to any railroad track or structure, subway, street, conduit, pipe, sewer, or other structure or surface over the tunnel.

"'Article 40. The contractor shall be solely responsible for all physical injuries to persons or property occurring on account of and during the performance of the work hereunder, and

After this claim was filed, the attention of the claimant's counsel was called to the form of the claim, and that it was based on contract, and he was given every opportunity to move to amend it. But no advantage of the opportunity to amend the statement of the claim was taken. As we think it clear that the claim as filed was based on the contract between the city of New York and the contractor, and specifically upon the provisions contained in articles 38 and 40 thereof, which articles are found in the margin, we must dispose of the matter according to whether or not those articles give to the claimant the contractual right which he asserts. That is the sole question which is now presented for our determination.

It is not claimed 'that the case as submitted discloses any cause of action at common law, or independent of the contract. It is conceded that, if the facts fail to show the claimant's right to recover for a breach of the contract relied upon, the claim must be disallowed. The claimant's right is based solely on the proposition that, as an abutting owner, he is one of the persons for whose benefit the provisions alleged to have been breached were made.

In England and in this country in some of the states it is held, subject to some exceptions, that where two parties enter into a contract, in which one of them promises to do something for the benefit of a third person, the only persons who can sue upon the contract are the parties who made it. Price v. Easton, 4 B. & Ad. 433; Atwood v. Burpee, 77 Conn. 42, 58 A. 237; George H. Sampson Co., 202 Mass. 326, 88 N. E. 911; First M. E. Church v. Isenberg, 246 Pa. 221, 92 A. 141; Edwards v. Thoman, 187 Mich. 361, 153 N. W. 806. But the English rule to its full extent does not prevail in the United States, and the prevailing rule in this country allows a third person to sue on such a contract, subject, however, to qualifications. In Hendrick v. Lindsay, 93 U. S. 143, 149, 23 L. Ed. 855 (1876), the Supreme Court, discussing the proposition that a third person not a party to a contract made for his benefit could not sue upon it, said: "This would be true, if the promise were under seal, requiring an action of debt on covenant; but the right of a party to maintain assumpsit on a promise not under seal, made to another for his benefit, although much controverted, is now the prevailing rule in this country."

But the weight of authority in the United States is that an action cannot be maintained by one not a party simply because

---

shall indemnify and save harmless the city from liability upon any and all claims for damages on account of such injuries to persons or property, and from all costs and expenses in suits which may be brought against the city for such injuries to persons or property, it being distinctly understood, stipulated, and agreed that the contractor shall be solely responsible and liable for and shall fully protect and indemnify the city against all claims for damages to persons or property occasioned by or resulting from blasting or other methods or processes in the work of construction, whether such damages be attributable to negligence of the contractor or his employees or otherwise.'

"That the provisions aforesaid were inserted in said contract for the benefit, among others, of this claimant, and that said contract, so far as such provisions were concerned, was made for and on behalf of this claimant by the city of New York. That, where the contractor is used in the foregoing provisions, the Bradley Contracting Company is meant. That in constructing the said subway as aforesaid the use made of Lexington avenue was not a street use as known in law, and the said construction work of the Bradley Contracting Company constituted excavating, tunneling, and other works of construction, which constituted a physical interference with the property of the claimant and resulted in a serious and continuous disturbance of the soil supporting the buildings of the claimant thereon, the walls and foundations of which buildings, at the time prior to the said excavating, tunneling, etc., done and performed by the Bradley Contracting Com-

pany, were stable, firm, and in good repair. During the performance of the work of excavating and tunneling as aforesaid the Bradley Contracting Company failed to properly safeguard and protect the premises from injury resulting from said work, with the result that the premises have been seriously damaged in that the foundations and walls thereof have been caused to break and crack, with consequent injury to parts of the buildings. That none of the injuries complained of and the damages caused thereby were due to any negligence or want of care on the part of the claimant. That the Bradley Contracting Company, during the course of said construction work, carried on certain blasting operations, which caused various parts of claimant's premises to become sagged, cracked, and broken, and caused large quantities of dust and dirt to penetrate the windows and doors of said premises, to the great annoyance of the tenants occupying and persons visiting said premises. That the said Bradley Contracting Company caused to be placed certain material and obstructions in and about the said premises, and forcibly and unlawfully entered in and upon the said premises, and prevented the free and ready use and enjoyment by the occupants of said premises, and the enjoyment by said occupants of the street adjacent to and in front of said premises, which interference as aforesaid was at all times without license, right or warrant of law and a public nuisance and has greatly damaged the rental and/or the usuable value of said premises and the value of the use and occupation thereof."

he will be incidentally benefited by performance. The contract must have been entered into for his benefit, and he must have some legal or equitable interest in its performance. Constable v. National Steamship Co., 154 U. S. 73, 14 S. Ct. 1062, 38 L. Ed. 903; Davis v. Patrick, 122 U. S. 138, 7 S. Ct. 1102, 30 L. Ed. 1090; St. Louis Second National Bank v. Grand Lodge, 98 U. S. 123, 25 L. Ed. 75; In Pennsylvania Steel Co. v. New York City Ry. Co., 198 F. 721, 749, 117 C. C. A. 503, 531, this court, referring to the right of one not a party to the contract to sue thereon, said: "It is not enough that the contract may operate to his benefit. It must appear that the parties intend to recognize him as the primary party in interest and as privy to the promise."

The leading case on this subject in the state of New York is the well-known case of Lawrence v. Fox, 20 N. Y. 268. That case was decided in 1859. The facts were that A. loaned $300 to B., stating to him at the time that he owed that amount to X. Thereupon it was agreed between A. and B. that the latter was to pay the sum loaned to X. This was not done, and X. brought an action against B. It was held that the action could be maintained. In Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195, the court explained the principle upon which Lawrence v. Fox was decided and said: "In either case there must be a legal right, founded upon some obligation of the promisee, in the third party, to adopt and claim the promise as made for his benefit."

A contract which appears to have been the identical one now before this court was before the New York courts in 1918 in Schnaier v. Bradley Contracting Co., 181 App. Div. 538, 169 N. Y. S. 88. It was held in that case that the abutting property owner was in such privity with the city of New York that he could maintain an action against the contractor upon the contract and recover damages for injuries to the foundations of the plaintiff's apartment house which had been shaken and made insecure by the defendant in the construction of the subway on Lexington avenue. There was no allegation in the complaint of negligence upon the part of the defendant. The court below dismissed the complaint. But the Appellate Division in a unanimous opinion reversed the judgment and ordered a new trial. Commenting on article 47 of the contract, the court held that the covenant of the contractor that he would, at his own expense, make good any damage done to any foundations, walls, or other parts of adjacent buildings or structures, and the further covenant that the contractor would be solely responsible for all physical injuries to persons or property occurring on account of or during the performance of the work under the contract, whether or not caused by his negligence, was a direct promise to pay to the injured abutter. The court then went on to hold that there was such privity between the city and the contractor and the abutting owner as to authorize the latter to sue upon the contract made in his behalf. After reviewing the New York cases—Pond v. New Rochelle Water Co., 183 N. Y. 330, 76 N. E. 211, 1 L. R. A. (N. S.) 958, 5 Ann. Cas. 504; Smyth v. City of New York, 203 N. Y. 106, 96 N. E. 409; Rigney v. New York Central & Hudson River R. R. Co., 217 N. Y. 31, 111 N. E. 226—the court said: "Within these authorities it would seem clear that there was such privity between the city, the party to the contract, and the abutter as would authorize the abutter to sue upon the contract made in his behalf."

[1] Such is the law of the place where the contract was made, and where it was to be performed, and it must be accepted by this court as settling the right of the plaintiff to assert his claim against the Bradley Contracting Company, although not a party to the contract, if the contractor has breached the contract as respects the claimant Bolger. But this does not determine the right of the claimant to have his claim allowed in this proceeding. The receivers, who are in this court insisting that the claim was properly disallowed, do not deny the doctrine of Lawrence v. Fox, supra, and of Schnaier v. Bradley Contracting Company, supra. They concede the right of an abutting property owner, in a proper case, to sue upon the contract, although he was not himself a party to it. Their objection rests upon other grounds, which it is necessary now to consider.

In article 38, heretofore set forth in the margin, the contractor expressly covenanted that the plans and specifications, if the work was done without fault or negligence on his part, did not involve "any danger to the foundations, walls, or other parts of adjacent buildings." He also expressly covenanted that he would at his own expense make good any damage that should, in the course of construction, be done "to any such foundations, walls, or other parts of adjacent buildings." Then, in article 40, which also has been set forth heretofore in the margin, the contractor agreed that he would

be solely responsible for all physical injuries to persons or property occurring on account of and during the performance of the work. ·

[2] ·But in ascertaining the meaning of a contract the intention is to be ascertained from examining the whole contract and not detached portions of it. And it was provided in article 24 of the contract that "every question which may arise relative to the fulfillment of this contract on the part of the contractor" shall be determined by the engineer, and further that "his determination shall be final and conclusive upon the contractor, and in case any question shall arise between the parties hereto, touching this contract, such determination and estimate shall be a condition precedent to the right of the contractor to receive any money under this contract." This constituted the engineer[2] a kind of court to determine "every question" relative to whether or not the contractor had fulfilled his contract. ·

As his contract imposed duties which he owed to the city, which included duties to the owners of abutting property, it was not fulfilled until he had performed whatever he owed under the contract. If the contractor at his own expense made good any damage which in the course of construction was done to the foundations of the claimant's adjacent building, it was acting in so doing under and in fulfillment of the contract it made with the city; and if it failed to make good, its failure was in like manner a breach of that contract; and if the engineer found that the contractor had fulfilled its contract, he necessarily found that it had fulfilled all parts of that contract, including the contractual obligation upon which the claimant now relies; and if the adjacent property owner elects to rely upon the contract and sues ex contractu, and not ex delicto, he takes the contract cum onere. He cannot avail himself of the provisions which he likes, and reject those which he dislikes, and which he may think work to his prejudice. He must either accept or reject the contract in its entirety.

In ordinary building contracts it is not unusual to provide that in case of disputes between the parties the architect shall decide them. The intention is that his decision shall be final, and the courts so regard it, unless it appears that in making it he has

acted willfully and fraudulently. See Crane Elevator Co. v. Clark, 80 F. 705, 26 C. C. A. 100; Chism v. Schipper, 51 N. J. Law, 1, 15, 16 A. 316, 2 L. R. A. 544, 14 Am. St. Rep. 668; Brownell Improvement Co. v. Critchfield, 197 Ill. 61, 64 N. E. 332.

In order to recover on the contract we think it was necessary for the claimant to show: (1) That the damage complained of was done to the "foundations, walls or other parts of his building"; (2) that the chief engineer of the Public Service Commission for the First District, or his duly authorized representative, had determined that such damage was caused by the work of subway construction; (3) that the contractor had failed "to make good" the damage. The claim was rejected below because of the claimant's failure to show any determination by the engineer that the damages claimed were caused by the subway work.

[3] The Appellate Division of the Supreme Court of New York, in 1922, in Degnon Contracting Co. v. City of New York, 202 App. Div. 390, 394, 399, 196 N. Y. S. 63, had before it a provision like that contained in article 24 of the contract herein involved. In that case it was held that, in a matter which was within the sole power of the engineer to decide, there could be no recovery for the work done, in the absence of a determination by that official that the work was required by the contract. It is true that this case was in part reversed and in part affirmed by the Court of Appeals. 235 N. Y. 481, 139 N. E. 580. But that court did not reject the proposition for which we have cited the case. It only stated, what all the cases hold, that the engineer, in determining such matters, cannot act arbitrarily and without adequate justification. In the case now before this court the claimant failed, because there was no proof that the engineer ever made any finding, or was ever asked to make any finding, on the subject at issue.

We have examined the record in this case with care, and it fails to disclose any such determination by the engineer or his representative that the damage sought to be redressed was caused by the work of subway construction. As the claimant bases his claim solely upon the contract, it is necessary that he himself should proceed in conformity with its provisions. As the contract itself provided that "every question" arising respecting its fulfillment on the part of the contractor should be determined by the engineer, and made his determination final and conclusive upon the contractor and the

---

[2] It is provided in article 16 that the word "engineer," when used in the contract, means the chief engineer of the Public Service Commission for the First District, or his duly authorized representative.

question as to the damages done to the claimant's building in the course of the construction of the subway is not shown ever to have been submitted to the engineer, the claim was properly denied in the court below.

It is true that article 33 of the contract contained a provision to the effect that the city was not to be precluded or estopped by any return or certificate made by any engineer from demanding and recovering from the contractor such damages as it might sustain by reason of his failure to comply with the contract. Assuming, for the purposes of the argument, that by virtue of article 33 the adjacent property owner, although he is not mentioned therein, is also not estopped under like circumstances, we do not think that in this proceeding he is helped by the provisions of article 33. That article does not dispense with the necessity of a finding by the engineer, and its finding is made conclusive as to him, and therefore is necessary in all cases arising under the contract, even though the finding may not be conclusive upon the city.

The claimant's counsel in the brief submitted says: "It is difficult to reason, therefore, that if the city reserves to itself the right of claim or action against the contractor, notwithstanding the engineer's certificate, why, therefore, should not the claimant herein also be entitled to this same relief, and notwithstanding the report or certificate of the engineer be also entitled to make claim against the contractor; it being well settled from the decisions submitted herewith that the claimant has a cause of action under the contract without regard to the contractor's negligence."

The adjacent property owners are not parties to the contract, and it is a reasonable presumption that, if it had been intended that the exemption should be extended to them, they would have been expressly mentioned in article 33. But no such exemption is expressed.

[4] It is undoubted that this contract between the city of New York and the contractor could not affect any common-law right which the adjacent property owners might have to maintain an action ex delicto to recover damages done to their property in the prosecution of the subway construction work, assuming that such a cause of action exists either by the common law or by virtue of a statute. But it seems equally clear that, if the property owner bases his cause of action on a contract, to which he is not a party, his rights thereunder are subject to the terms and conditions which the contract imposes.

Judge HAND concurs in the result, and bases his concurrence on the second ground stated in the opinion.

The order is affirmed.