## COXHEAD v. WINSTED HARDWARE MFG. CO.

Civil Action No. 1411.

District Court, D. Connecticut.

July 26, 1945.

is not a trustee as alleged and, therefore, not a real party in interest.

■ Each salesman has a right to recover under the substantive law of Connecticut as a third-party beneficiary. Baurer v. Devenis et al., 1923, 99 Conn. 203, 121 A. 566; Byram Lumber & Supply Co. v. Page, 1929, 109 Conn. 256, 259, 260, 146 A. 293.

It may be argued that the primary purpose of the contract in this case was to benefit the plaintiff. The same argument would apply, however, to the situation in the Byram case, where the principal purpose of the obligee on the bond was to protect herself. It was also her purpose, however, to provide that those who supplied the general contractor be paid, just as here it was also the purpose of the plaintiff to insure that the salesmen be paid. In each case, the benefit to the third party was not the only purpose of the agreements reached between the contracting parties, but in each case it was one of the purposes of the contracting parties to benefit directly the third parties. So the cases seem essentially parallel and the salesmen here are beneficially interested in the performance of the contract and in the recovery of damages for its breach.

■ The plaintiff herein is also a real party in interest under Rule 17, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as to each salesman's claim—"a party with whom * * * a contract has been made for the benefit of another"—whether or not he be considered the "trustee of an express trust" as that term is used in Rule 17.

■ Each claim involves questions of law and fact in common with the others and with the plaintiff's own claim, and the same relief, money damages, is sought, so that the joinder of actions on behalf of each would be proper.

■ The class action rule, Rule 23, Federal Rules of Civil Procedure, would not support an action by one on behalf of all, however, since nine persons is not so large a number as to make joinder of all impracticable. The class action rule would not sustain jurisdiction here for the additional reason that existence of the jurisdictional amount as to each salesman is not alleged, and in the third, or so-called "spurious" type of class action, based on the existence of a common question of law or fact, where jurisdiction is founded on diversity of citizenship, jurisdictional amount

Robert P. Butler, of Butler, Volpe & Garrity, all of Hartford, Conn., for plaintiff.

Ernest W. McCormick, of Robinson, Robinson & Cole, all of Hartford, Conn., for defendant.

SMITH, District Judge.

This is an action for breach of a sales management contract brought against a corporation by the former sales manager in two counts, one claiming damages for failure to carry out the contract to pay him commission and expenses, the other for failure to carry out the contract to pay commission to the salesmen.

The defendant moves to dismiss the second count on the ground that the plaintiff

must exist as to each member of the class represented.

Yet the defendant's contract with the plaintiff was one which the plaintiff could enforce in its entirety, and the provision regarding payment to the salesmen was one claim so far as the plaintiff was concerned, even though he would hold the recovery for a number of beneficial owners.

Moore points out (2 Moore, Federal Practice, 2074) that the applicable provision of Rule 17 was inserted through caution to make it clear that a party with whom, or in whose name, a contract had been made for the benefit of another, was not to be deprived of his common law right because another was the beneficial owner, or that he be not obliged to join the beneficial owner. He may sue here on the contract, therefore, and avoid a multiplicity of suits by the individual salesmen as third-party beneficiaries.

The motion to dismiss the second count of the complaint is denied.